In re Marvin Clifton WILLIAMSON, Caroline Ruth Kahoe, formerly Caroline Ruth Williamson, Bankrupts.

John S. ODELL and Suzanne R. Odell, Individually and as husband and wife, Plaintiffs-Appellees,

v.

Marvin Clifton WILLIAMSON and Caroline Ruth Kahoe, formerly Caroline Ruth Williamson, Defendants-Appellants.

Nos. 75–2007, 75–2008.

United States District Court, W. D. Oklahoma.

Dec. 30, 1976.

Louis G. Buchanan, Oklahoma City, Okl., for plaintiffs-appellees.

Mike Millstead, Norman, Okl., for defendants-appellants.

DAUGHERTY, Chief Judge.

This is an appeal by the Bankrupt from a judgment of the Bankruptcy Court concluding that a certain debt against Bankrupt was nondischargeable in bankruptcy. This Court has jurisdiction herein pursuant to 11 U.S.C. § 67(c). The appeal to this Court has been made in conformity with Bankruptcy Rules 801–814.

Bankrupt filed her voluntary bankruptcy petition on October 16, 1975.[1] Plaintiffs John S. Odell and Suzanne R. Odell, filed therein a Complaint in and Objection and Specification of Creditor Objection to Discharge of Petitioner in Bankruptcy. Plaintiffs' contention was that a debt Bankrupts allegedly owed to Kunkel's Inc. should be declared nondischargeable under 11 U.S.C. § 35.

The Bankruptcy Court conducted an evidentiary hearing and declared the debt in question nondischargeable. The Bankruptcy Court found the facts to be that Bankrupts sold real estate to Plaintiffs; that on the same day the real estate was conveyed to Plaintiffs, Bankrupt Clifton Williamson, in the presence of Bankrupt Kahoe, signed a Loan Closing Statement certifying that there were no mortgages or encumbrances against the property being conveyed; that at the time of the signing, Bankrupts were aware that they owed an unpaid bill to Kunkel's, Inc. which was a lienable claim against Plaintiffs' property; that on September 16, 1975, Kunkel's, Inc. filed an action for said debt against Bankrupt Williamson in the District Court for Cleveland County, State of Oklahoma; that on October 8, 1975, Kunkel's, Inc. filed a lien foreclosure action against Bankrupt Williamson, Plaintiffs and others in the District Court for Cleveland County, State of Oklahoma; that on October 16, 1975, both Bankrupt Williamson and Bankrupt Kahoe individually filed Voluntary Petitions in bankruptcy; that Plaintiffs subsequently filed their Complaint in and Objection and Specification of Creditor Objection to Discharge of Petitioners in Bankruptcy.

At the close of the evidentiary hearing, the Bankruptcy Court concluded that the Bankrupts, in signing the Loan Closing Statement certifying that the property conveyed to Plaintiffs was unencumbered, made a materially false statement in writing. The Bankruptcy Court determined that this act brought Bankrupts within 11 U.S.C. § 35(a)(2) and that the debt Bankrupts owed to Kunkel's, Inc. should be declared nondischargeable. This decision was stated in the Order and Judgment of the Bankruptcy Court filed June 18, 1976.

Bankrupt Kahoe then perfected this appeal. Bankrupt Williamson is not a party thereto. Bankrupt Kahoe has filed herein a Brief in Chief and a Reply Brief. Plaintiffs have filed a Brief in Chief.

In the lien foreclosure action brought by Kunkel's, Inc. in the state district court against Bankrupt Williamson, Plaintiffs and others, both Kunkel's, Inc. and the Plaintiffs herein filed a Motion for Summary Judgment. Summary Judgment was granted in favor of Kunkel's, Inc., foreclosing a mechanic's and materialman's lien on the Plaintiffs' property and ordering the property sold to satisfy the lien. The Plaintiffs herein appealed the summary judgment to the Oklahoma Supreme Court. Said appeal was thereafter assigned to the Oklahoma Court of Appeals.

On September 14, 1976, the Oklahoma Court of Appeals reversed the state district court's judgment and remanded the case to the state district court with directions to enter summary judgment for the Plaintiffs herein. The Court of Appeals based its decision on the fact that as Oklahoma law established that the fixtures that Kunkel's, Inc. had furnished and installed on Plaintiffs' property remained personal property, there was no statutory basis for the filing of a mechanic's and materialman's lien by Kunkel's, Inc. against Plaintiffs' real property.

Bankruptcy Rule 806 requires an appellant to designate the issues she intends to raise on appeal. The Bankrupt's designation of issues herein is as follows:

---

1. The Bankruptcy Court consolidated the cases of Marvin Clifton Williamson, who filed his Voluntary Petition in Bankruptcy captioned "Marvin Clifton Williamson, a partner of Caroline Ruth Kahoe formerly known as Caroline Ruth Williamson and doing business as a contractor under the name of Clifton Williamson", case number BK–75–2007, with the case of Caroline Ruth Kahoe, who filed her Voluntary Petition captioned "Caroline Ruth Kahoe, formerly known as Caroline Ruth Williamson and doing business as a contractor under the name of Clifton Williamson, case number BK–75–2008.

"1. That no verbatim record was made of this case as provided by law and defendant cannot properly perfect her appeal.

"2. That Caroline Ruth Kahoe was not a true partner in Marvin Clifton Williamson's construction business in that she worked for a straight salary and was not to receive any of the profits from the business nor share in any of the losses. The reason that she filed as a partnership is because Marvin Clifton Williamson had always told her that it was a partnership and she did not know the true legal ratifications involved in a partnership. The quasi partnership arrangement was solely to benefit Marvin Clifton Williamson in that Mrs. Kahoe would be able to take care of many of the business details on his behalf with third parties and would be able to write checks and make other business arrangements without involving him.

"3. Caroline Ruth Kahoe did not sign the loan closing statement which is the basis of the Odell's allegation of fraudulent misrepresentation.

"4. The Odells signed the same loan closing statement and made the same representations to the Oklahoma Mortgage Company as did Marvin Clifton Williamson. This is true notwithstanding the fact that Mr. Odell was a senior in law school and had courses in Real Property and Contracts Estoppel.

"5. John S. Odell's initial testimony was to the effect that he signed the document before Marvin Clifton Williamson did. Later when he realized the consequence of his statement he changed it. However it is clear that he did not rely on Marvin Clifton Williamson's signature on the closing statement to close out this loan closing.

"6. Neither Marvin Clifton Williamson nor Caroline Ruth Kahoe made any oral representations at any time to the Odell's that all the bills had been paid.

"7. Williamson and Kahoe testified that they normally paid some of the bills after the closing and after they had received the final proceeds check. (Henry Poore testified under oath that Defendant always paid his account in arrears). In this particular case they received no money, absolutely no money, from the loan closing, in fact, they had to pay an additional $2,000.00 to close out the transaction.

"8. Williamson and Kahoe in their testimony and by their answers to interrogatories showed exactly where every penny they received went, namely to pay numerous lienable claims. The evidence does not show that either Williamson or Kahoe made one single cent from the Odell construction project.

"9. Marvin Clifton Williamson never read the loan closing statement.

"10. There is no evidence to contradict Marvin Clifton Williamson's testimony that he intended to pay the Kunkel's Plumbing bill. (This matter is currently pending on Appeal in the Oklahoma Supreme Court).

"11. Most importantly, there is no evidence in the record to show intent to defraud on the part of either Williamson or Kahoe.

"12. As a consequence of inflation the Odell's received a house worth $44,000.00 at a sales price of $35,000.00.

"13. The expenditures listed by Williamson and Kahoe do not even include the amounts for overhead such as office rent, truck payments, tractor payments, gasoline and the like. When these items are figured in with the other lienable claims that Williamson paid it is clear that he lost money on the project.

"13. [sic] In a foreclosure action in Cleveland County District Court involving the Odell's property the Odell's challenged the sufficiency of the Kunkel's lien. Odell contended that Kunkel's lien was invalid and Judge Brown, the Trial Judge, gave Kunkel's a Summary Judgment in favor of Kunkel's and against the Odell's. Clifton Williamson and Caroline Ruth Kahoe were parties to this action although they filed a disclaimer of any interest in the real property. If the

Odell's are successful in their Appeal, and obviously they think they are going to be successful or they wouldn't have bothered to file an Appeal, then they will not be obligated on the Kunkel's lien if a judgment is rendered against Marvin Clifton Williamson they will have received a windfall."

On the appeal in the instant case, Bankrupt Kahoe makes two contentions.[2] First, that the judgment of the Oklahoma Court of Appeals establishes that the debt Bankrupt allegedly owes Plaintiffs is nonexistent. Second, that the lack of a court reporter in the adversary bankruptcy proceedings mandates that this case be remanded to the Bankruptcy Court for a new trial with a reporter present to record verbatim the proceedings.

With regard to Bankrupt's first contention, this Court will not consider on this appeal the September 14, 1976 decision by the Oklahoma Court of Appeals.[3] Said decision was rendered subsequent to the Order and Judgment of the Bankruptcy Court, and the issue as to the effect of said decision was neither raised before nor considered by the Bankruptcy Court when it declared the debt in question nondischargeable. The effect of the decision by the Oklahoma Court of Appeals has been argued for the first time on this appeal. The issue merits no consideration here. The scope of review on appeal from findings of the Bankruptcy Court is limited to the record and to that which is properly presented below. See *E.F. Corp. v. Smith*, 496 F.2d 826 (Tenth Cir. 1974).

In her second contention, Bankrupt contends that this case should be remanded to the Bankruptcy Court for a new trial with a court reporter present to record verbatim the proceedings. Bankrupt alleges that the Bankrupts requested the presence of a reporter in the adversary bankruptcy proceedings but were told by the Bankruptcy Court that they were not entitled to a reporter unless they paid the reporter's appearance fees.[4] Bankrupt contends that as

---

**2.** Bankrupt Kahoe states in her Reply Brief that her Statement of Issues is incorporated by reference into her Brief in Chief. This incorporation, standing alone, is insufficient to warrant that this Court consider on appeal those issues unsupported by argument or authority in Bankrupt's briefs. Only those issues Bankrupt supports by argument or authority will be considered by the Court on appeal. See *Platis v. United States*, 409 F.2d 1009 (Tenth Cir. 1969); *Whitehead v. Salyer*, 346 F.2d 207 (Tenth Cir. 1965).

While the Bankruptcy Rules do not specifically deal with the treatment of issues that are stated in the Appellant's Statement of Issues but that are not raised in the briefs filed by appellant, this point is covered in the Federal Rules of Appellate Procedure. Rule 28, Federal Rules of Appellate Procedure, is generally read as foreclosing consideration by an appellate court of issues not raised in briefs filed by appellants and appellees. *Mississippi River Corp. v. FTC*, 454 F.2d 1083 (Eighth Cir. 1972); *United States v. White*, 454 F.2d 435 (Seventh Cir. 1971) cert. denied 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972); *Platis v. United States, supra.*

The Advisory Committee's Note to Bankruptcy Rule 801 indicates that in appeals in bankruptcy matters the Federal Rules of Appellate Procedure govern an appeal to the court of appeals from a judgment of the district court. There is no specific indication that said Rules also govern an appeal from the bankruptcy court to the district court.

The cases indicating that issues not raised in briefs are deemed abandoned in an appeal in a bankruptcy matter all deal with appeals from the district court to the court of appeals.

This Court will not consider those issues that Bankrupt included in her Statement of Issues but failed to support with argument or authority in her briefs. As virtually all of the rules governing the taking of an appeal from the bankruptcy court to the district court are adapted from various Federal Rules of Appellate Procedure and as Rule 28 of the Federal Rules of Appellate Procedure is not inconsistent with any of the Bankruptcy Rules, this Court will utilize said Rule as establishing that those issues not raised in Appellant's briefs will not be considered by this Court in this appeal from the Order and Judgment of the Bankruptcy Court.

**3.** Moreover, said decision appears to have been modified December 14, 1976 according to Vol. 47, Oklahoma Bar Journal, p. 3044 noting disposition of cases in which opinions are not published and in any event is not now a final decision.

**4.** The parties are in dispute as to whether Bankrupts requested that a court reporter record the adversary bankruptcy proceedings. For the purposes of this appeal, the Court will consider as true the Bankrupt's allegation that

the Bankrupts could not afford to pay the reporter's appearance fees, a verbatim record of the adversary bankruptcy proceedings was not made. Stating that a proper record, had one been made, would show that there were no elements of fraud on Bankrupts' part, Bankrupt seeks on appeal to have the case remanded to the Bankruptcy Court for a new trial with a court reporter present.

The recording and reporting of bankruptcy proceedings is provided for by Bankruptcy Rule 511, which provides in part:

"(a) *Record of Proceedings.* Whenever practicable, the court shall require a record to be made of all proceedings in bankruptcy cases. . . . The expense of making the record shall be a charge against the estate unless the court assesses the cost or a part thereof against a person who asserts a vexatious or frivolous claim or defense."

The Advisory Committee's Note to Rule 511 indicates:

"Subdivision (a) of this rule declares and implements as a requisite of sound bankruptcy administration that all proceedings in bankruptcy cases shall be recorded verbatim. . . . The court should not allow an examination, hearing, or other proceeding in a bankruptcy case to continue without recording unless neither a stenographer nor an operable recording device is available and neither can be obtained without undue delay."

The recording and reporting of bankruptcy proceedings is also dealt with in Rule 8 of the Bankruptcy Rules of the United States District Court for the Western District of Oklahoma.[5] Local Bankruptcy Rule 8 establishes in part:

the Bankrupts did request of the Bankruptcy Court that a court reporter record the proceedings.

If it was established that Bankrupts did not make such a request to the Bankruptcy Court, this issue would come within those cases stating that, generally, any error not presented to the Bankruptcy Court would be lost on appeal. *Hormel v. Helvering,* 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); *E.F. Corp. v. Smith, supra.*

"Reporting and Reporter's Fees

"When the court shall so order, . . . proceedings in this court shall be taken stenographically by a reporter . . . designated by the court. Upon order of the court . . . the bankrupt or debtor . . . shall pay a fee to the reporter . . . . .

\*  \*  \*  \*  \*  \*

"In all contested matters the court may order the proceedings to be taken stenographically by a reporter . . . and the fees for such service may be taxed as costs . . . . . In any case in which a person in interest requests the attendance of a reporter such person shall pay the appearance fee of said reporter which may later, in the discretion of the court, be taxed as costs in the proceeding."

In the instant case, the Bankrupts allegedly requested that a court reporter be present to record the adversary bankruptcy proceedings. The Bankruptcy Court informed Bankrupts that they were entitled to have a reporter present only if they would pay the reporter's appearance fees. As local Bankruptcy Rule 8 indicates that an interested person who requested a reporter's presence shall pay the reporter's appearance fee, the Bankruptcy Court's actions were in compliance with the local Bankruptcy Rules. Bankrupt's contention on appeal is not that the Bankruptcy Court failed to comply with the local Bankruptcy Rules but rather that the local Bankruptcy Rule 8 under which the Bankruptcy Court acted is inconsistent with 28 U.S.C. § 753(b) and therefore inapplicable. Bankrupt argues that 28 U.S.C. § 753(b) requires that a court reporter record verbatim all bankruptcy proceedings.

5.  Bankruptcy Rule 927 provides in part:
    "Local Bankruptcy Rules
    "Each district court . . . may . . . make and amend rules governing practice and procedure under the [Bankruptcy] Act not inconsistent with these rules. . . . In all cases not provided for by rule, the district court may regulate its practice in any manner not inconsistent with these rules."

Bankrupt's reliance upon 28 U.S.C. § 753(b) as requiring that all bankruptcy proceedings be recorded verbatim is misplaced. Said statute is located within 28 U.S.C. §§ 751–756, which deal with the officers and employees of United States district courts. 28 U.S.C. § 753 provides for, and governs the use of, court reporters in the district courts. The statute provides, inter alia, that each district court shall appoint one or more court reporters; that the reporters are to receive a specified salary; and that a reporter shall attend at each session of the court, to include (1) all proceedings in criminal cases had in open court (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court or as may be requested by any party to the proceeding. A Bankruptcy Court is not a district court nor does it come within the courts to which 28 U.S.C. § 753 applies. See 28 U.S.C. § 451; 28 U.S.C. §§ 81–144. The officers and employees of the Bankruptcy Courts are provided for in 11 U.S.C. §§ 61–81. There is no provision for the appointment of a salaried court reporter for a Bankruptcy Court. As the mandatory requirement of 28 U.S.C. § 753 that a court reporter record verbatim all district court proceedings is not applicable to bankruptcy proceedings, the recording and reporting of adversary bankruptcy proceedings is governed by the more permissive provisions of Bankruptcy Rule 511 and local Bankruptcy Rule 8.

In the bankruptcy proceedings from which this appeal was taken, the Bankruptcy Court acted in compliance with the local Bankruptcy Rules in informing Bankrupts that they would be obligated to pay the appearance fee for a reporter. It was the Bankrupts' decision to not pay this appearance fee that resulted in the lack of a verbatim record of the adversary bankruptcy proceedings.

The lack of a verbatim record of the adversary bankruptcy proceedings should not have precluded Bankrupts from effectively prosecuting their appeal to this Court. Local Bankruptcy Rule 9 provides that a petitioner for review of a Bankruptcy Court's order or judgment may file in this Court either a transcript of the evidence involved or a summary thereof as agreed upon by the parties. The local Rule also provides that upon a failure by petitioner to supply a transcript or summary, the Bankruptcy Court is to prepare and file a certificate on review. In this instance the Bankrupt failed to file either a transcript or a summary of the evidence. The Bankruptcy Court filed its Statement of Record, Findings of Fact and Conclusions of Law. This is an adequate summary of the evidence for purposes of this appeal.

With regard to Bankrupt's statement that there was no evidence in the adversary bankruptcy proceedings of any false representations or fraudulent intent on the part of either Bankrupt, the findings of a Bankruptcy Court will not be disturbed unless there are "cogent reasons appearing on the record to reject" those findings. *Wolfe v. Tri-State Insurance Company*, 407 F.2d 16 (Tenth Cir. 1969); *Kansas Federal Credit Union v. Niemeier*, 227 F.2d 287 (Tenth Cir. 1955). The record discloses no "cogent reasons" for disturbing the findings of the Bankruptcy Court.

For the foregoing reasons, the Order and Judgment of the Bankruptcy Court is affirmed.