GEE, Circuit Judge:
 

 MortgageAmerica Corp. appeals from the district court order dismissing its appeal on the merits from a bankruptcy court judgment in favor of Bache Halsey Stuart Shields, Inc. We affirm.
 

 I.
 

 In late 1980, MortgageAmerica Corp. (“MAC”) entered into numerous oral reverse repurchase agreements with Bache Halsey Stuart Shields, Inc. (“Bache”). Under the terms of these agreements, MAC delivered sixteen Government National Mortgage Association (“GNMA”) bonds to Bache in negotiable form; Bache then loaned MAC money, holding the sixteen bonds as collateral. When the loans came due, MAC and Bache entered into new reverse repurchase agreements under renegotiated terms.
 

 On July 13, 1981, MAC’s chairman informed Bache that, due to financial problems, MAC would not be able to renew the reverse repurchase agreements when they came due on July 15, 1981. MAC ordered Bache to sell the securities to pay MAC’s debt to Bache. This was not fully accomplished until July 21,1981, after Bache had determined that there was no longer sufficient equity in the bonds to cover MAC’s debt and began to treat the remaining bond sales as a liquidation following default.
 

 Bache and another MAC creditor, since severed from this action, filed an involuntary bankruptcy petition against MAC under Chapter 7 of the Bankruptcy Code in August 1981. MAC answered, denying that Bache was qúalified to be a petitioning creditor under 11 U.S.C. § 303(b) and objecting to Bache’s claim for $137,881.42. The bankruptcy court tried the involuntary petition and the objection to the claim together and entered orders ajudicating MAC a bankrupt, overruling all of MAC’s defenses and objections to Bache’s claim, and overruling MAC’s motion for supplemental findings of fact.
 

 MAC’s timely notice of appeal designated ten potential issues for review before the district court. Its original appellate brief, filed in February 1983, addressed only three of these issues, however. In its reply brief filed in April 1983, MAC raised the other seven issues and added an eleventh
 
 *1148
 
 issue. Responding to Bache’s argument that the issues for review were limited to those addressed in MAC’S brief, the district court determined that Bankruptcy Rule 8010,
 
 [1]
 
 effective August 1, 1988, should be given retroactive effect. On that basis, the district court dismissed the originally un-briefed seven issues and the newly added eleventh issue. The district court further dismissed the three issues pertaining to voidable transfers that were raised in MAC’S original appellate brief on the ground that the voidable transfer issue was not raised at the bench trial to the bankruptcy court.
 
 [2]
 

 On appeal to this Court, MAC raises four issues: (1) whether the district court erred in giving retroactive application to Bankruptcy Rule 8010; (2) whether the voidable transfer issue was tried by implied consent before the bankruptcy court; (3) whether Bache had standing as a petitioning creditor under 11 U.S.C. § 303(b); and (4) whether the Bankrupcty Court erred in allowing Bache’s claim for $137,881.42.
 

 II.
 

 The first issue before us is whether the district court abused its discretion in applying Bankruptcy Rule 8010 to this action. By its terms, Rule 8010 governs the form and length of briefs unless the district court or bankruptcy appellate panel
 
 *1149
 
 provides otherwise by local rule. If there is no alternative local rule, the Supreme Court provided in its order prescribing the rules that they were to be applied to pending proceedings if, in the opinion of the court, the application would be feasible and would not work an injustice, otherwise the prior rules would govern. 11 U.S.C.A. Rules 1-7000, at xiii (1984).
 

 In analyzing whether Rule 8010 should apply, the district court was silent on whether an alternative local rule governed the form and length of briefs
 
 [3]
 
 in appeals to it from the bankruptcy court. The district court did find, however, that applying the Rule was both feasible and equitable. Record, Vol. I at 1-2. Given that Rule 8010 could apply, the district court considered case law interpreting Fed.R.App.P. 28 — from which Rule 8010 derives — on the content of an appellant’s reply brief. The district court concluded that an appellant’s reply brief may generally respond only to those issues or arguments raised initially by the appellee. Record, Vol. I at 14
 
 (citing
 
 16 Wright, Miller, Cooper & Gressman,
 
 Federal Practice and Procedure, Jurisdiction,
 
 § 3974). The district court further determined that the case law exception calling for suspension of a rule of procedure did not apply here. Specifically, applying Rule 8010 would not result in manifest injustice. The court based this finding on MAC’s failure to offer any explanation as to why it did not brief the seven issues or even raise the eleventh issue until its reply brief. Nor could the court discern any extraordinary circumstances that might relieve MAC from the consequences of its own actions. For these reasons, the district court held that MAC waived review of the seven unbriefed issues and the newly added eleventh issue.
 
 [4]
 

 On appeal, MAC argues that the district court abused its discretion in applying Rule 8010 to it because the application was unjust. According to MAC, the application was unjust for several reasons. First, at the time MAC filed its briefs to the district court — before Rule 8010 became effective — there was no bankruptcy rule governing the form for briefs. MAC therefore lacked guidance on what it would be held to satisfy. Second, the relevant events — filing the briefs — occurred before Rule 8010 was effective.
 
 In re Mickel,
 
 35 B.R. 28, 29 (Bankr.D.S.C.1983) (unjust to apply new rules to events occurring before effective date for rules). Third, the district court was not prepared to find that MAC acted with bad faith. Fourth, the new rule leads to a different result than would have occurred before it became effective.
 
 In re Figueroa,
 
 33 B.R. 298 (Bankr.S.D.N.Y. 1983). MAC’s final argument is that dismissal of an action for counsel’s mistake is a harsh remedy, one that should not be applied without considering the substantiality of the appeal and the prejudice to the appellee. Here MAC contends that its appeal is on the merits and that the only prejudice to Bache was the passage of time. MAC contends that Bache could readily have sought permission to file a supplementary brief to respond to MAC’s reply brief.
 

 MAC’s arguments do not persuade us that the district court abused its discretion in applying Rule 8010. MAC’s arguments with respect to the issue that went completely unmentioned until the reply brief are incorrect. Even if the former bankruptcy rules were to apply, MAC was not in compliance with now-repealed Bankruptcy Rule 806, which required specification of the issues on which an appeal was to be taken within ten days after filing the notice of appeal. Noncompliance means the issue
 
 *1150
 
 was waived.
 
 Matter of Fowler,
 
 407 F.Supp. 799, 804-805 (Bankr.W.D.Okla.1975).
 

 MAC’s arguments with respect to the seven specified but unbriefed issues also fail. MAC persists in maintaining that it was following the former rules when it submitted its briefs, and, under these rules, the only guidance it had was the now-repealed Bankruptcy Rule 808 — which said nothing about brief content.
 
 [5]
 
 We recognize that MAC is correct in contending that there was no statutory rule of bankruptcy prescribing brief content when it filed its briefs in 1983. We are not convinced, however, that MAC was free to follow whatever briefing schedule it fancied. Even if Rule 8010 did not apply, Rule 808’s reference to an appellant’s brief, an appellee’s brief, and the appellant’s reply brief anticipates an orderly schedule for arguments and rebuttal. Indeed, this scheme is fundamental to our system of judicial administration.
 
 Martin v. Atlantic Coast Line Railroad Co.,
 
 289 F.2d 414, 417 n. 4 (5th Cir.1961) (“ ‘An original brief abandons all points not mentioned therein, and also those points assigned as error but not argued in the brief.’ ” 14
 
 Cyclopedia of Federal Procedure
 
 § 66.06 at 12 (3d ed.)).
 
 See also Bank of Eureka v. Partington,
 
 91 F.2d 587, 589 (9th Cir.1937) (bankruptcy appeal);
 
 Kattelman v. Madden,
 
 88 F.2d 858, 862-63 (8th Cir.1937) (bankruptcy appeal);
 
 In re Williamson,
 
 431 F.Supp. 1023, 1027 n. 2 (W.D.Okla.1976) (dismissing appeal of certain issues in bankruptcy that were not raised in the manner Fed.R. App.P. 28 prescribes). Moreover, it is patently obvious from General Order in Bankruptcy 36
 
 [6]
 
 to proposed Bankruptcy Rule 8010 — published before 1983 and identical to Rule 8010 that became effective on August 1, 1983 — that this briefing schedule expects issues in bankruptcy appeals to be raised and argued in appellant’s brief.
 
 In re Williamson,
 
 431 F.Supp. 1023, 1027 n. 2 (W.D.Okla.1976). We therefore cannot accept MAC’s claim that it lacked guidance on how to prepare its brief or that Rule 8010 would lead to a different result. Nor do we agree with MAC’s assertion that the district court found that MAC had not acted in bad faith. The district court simply noted in its order denying MAC’s motion for rehearing that it was “not prepared to find bad faith on the part of Appel-lant_” Record, Vol. I at 2. We do agree with MAC that dismissal is a harsh remedy. Here, however, we conclude that there was no abuse of discretion in applying Rule 8010. We further conclude that any injustice from applying Rule 8010 was not so manifest as to warrant its suspension. MAC received one generous extension to prepare its appellant’s brief. Although penitence is not required, MAC has failed to provide any satisfactory explanation why it did not fully brief the issues presented or why the burden of adjusting to its peculiar briefing schedule should be on Bache. The district court did not err in dismissing the seven issues that MAC identified but did not argue until its reply brief.
 

 III.
 

 The next issue MAC presents is whether the voidable transfer issue was tried by implied consent to the bankruptcy court. MAC has failed to preserve this new theory for appeal, hence we refuse to reach it.
 

 On appeal to the district court, the closest MAC came to arguing trial by implied
 
 *1151
 
 consent was its assertion in its original brief that
 

 [t]he record of this case demonstrates that Bache, the sole petitioning creditor, was in receipt of a preferential transfer (the July, 1981 transfer) as defined by 11 U.S.C. § 547, and that it refused
 
 and still refuses
 
 to disgorge that transfer. Under these facts, the Bankruptcy Court was in error in refusing to find that Bache lacked have [sic] standing to áct as a petitioning creditor, and that the petition for involuntary relief should be dismissed.
 

 Record, Vol. I at 160. In response, the district court concluded after “a thorough examination of the record transmitted on appeal ... that MAC did not raise the preference issue in regard to Bache until
 
 after
 
 the Bankruptcy Judge had entered judgment in this case.” Record, Vol. I at 20 (footnote omitted).
 

 On appeal to us, MAC concedes that its pleadings did not expressly raise its voidable transfer defense against Bache. MAC Brief at 41. MAC now argues that the bankruptcy court erred in not ruling on whether there was a voidable transfer
 
 [7]
 
 because the voidable transfer issue was tried by implied consent. The record and briefs before us clearly show that MAC is raising its trial-by-implied-consent theory for the first time on this second appeal. We decline MAC’s invitation to consider its new theory on the ground that it was waived by not being argued to the district court in MAC’s first-level appeal.
 

 IV.
 

 We find that the district court did not err in dismissing all issues that MAC presented on appeal. For that reason, we do not reach the other issues that MAC presents on this appeal. The district court order dismissing MAC’s appeal is
 

 AFFIRMED.
 

 [1]
 

 . Bankruptcy Rule 8010(a) provides:
 

 (1) Brief of the appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
 

 (A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
 

 (B) A statement of the basis of appellate jurisdiction.
 

 (C) A statement of the issues presented and the applicable standard of appellate review.
 

 (D) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of the proceedings, and the disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.
 

 (E) An argument. The argument may be preceded by a summary. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.
 

 (F) A short conclusion stating the precise relief sought.
 

 [2]
 

 . The eleven issues were:
 

 1. Whether the Bankruptcy Court erred in entering an Order for Relief;
 

 2. Whether the Bankruptcy Court erred in finding that Bache will be allowed to participate as a petitioning creditor in this proceeding;
 

 3. Whether the Bankruptcy Court erred in finding that the liquidation of Mortgage America's sixteen (16) pools of Government National Mortgage Association mobile home loans involved in this suit was conducted in a proper, lawful, and commercially reasonable manner;
 

 4. Whether the Bankruptcy Court erred in not finding whether or not Bache acted in a fiduciary capacity on behalf of MortgageAmerica Corporation;
 

 5. Whether the Bankruptcy Court erred in finding that Bache did not breach any fiduciary or other legal duty to MortgageAmerica Corporation;
 

 6. Whether the Bankruptcy Court erred in finding that Bache did not take title to the • bonds and transfer them into its own account without notice to or the agreement of Mortga-geAmerica Corporation;
 

 7. Whether the Bankruptcy Court erred in finding alternatively, that in the event the Court erred that Bache did not take title to the GNMA bonds, that Bache did not take such bonds in complete satisfaction of any and all indebtedness owed it by MortgageAmerica Corporation;
 

 8. Whether the Bankruptcy Court erred in finding that Bache did not receive an avoidable transfer pursuant to Sections 544, 547 and 548 of the Bankruptcy Code within ninety days prior to August 21, 1981;
 

 9. Whether the Bankruptcy Court erred in finding that Bache is owed $137,881.42 by MortgageAmerica Corporation;
 

 10. Whether the Bankruptcy Court abused its discretion in denying the Debtor's Motion for Supplemental Findings of Fact.
 

 11. Whether the Bankruptcy Court erred in overruling MortgageAmerica’s Motion to Compel Production of the "Field Memorandum."
 

 In this opinion, we refer to issues 3, 4, 5, 6, 7, 9, and 10 as the seven issues not argued until the reply brief and to issue number eleven as the issue not specified or argued until the reply brief. The district court treated issues 1, 2, and 8 in its discussion of whether the voidable transfer issue — issue 8 — was tried by consent. Had it been, this could have supported MAC’S position on issues 1 and 2.
 

 [3]
 

 . There was no such local rule during the time in question.
 

 [4]
 

 . In a later order denying MAC’s motion for rehearing, the district court further observed that
 

 beginning with the implementation of General Order in Bankruptcy 36 — which made all appellate rules applicable in Bankruptcy— through the enactment of the new Rules, the history of the Act is replete with cases where the courts have dismissed appeals for failure to comply with this requirement.
 

 Record, Vol. I at 2.
 

 [5]
 

 . Bankruptcy Rule 808 (repealed) provided that, absent a local rule or court order excusing the filing of briefs or providing for different time limits, (1) the appellant was to serve and file his brief within 15 days after entry of the appeal on the docket; (2) the appellee was to serve and file his brief within 15 days after service of the appellant’s brief; and (3), if the appellant chose to file a reply brief, the brief was to be served and filed within 5 days after service of the appellee’s brief.
 

 [6]
 

 . General Order 36, effective February 13, 1939, provided that ”[a]ppeals shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in civil actions in the courts of the United States_” The Federal Rules of Appellate Procedure generally superseded General Order 36, effective July 1, 1968. 2A
 
 Collier on Bankruptcy
 
 § 25.02[3] at 906-907 (14th ed.).
 

 [7]
 

 . MAC’s specification of issue 8 to the district court erroneously indicated that the bankruptcy court found there was no voidable transfer.
 
 See supra
 
 note 2. In fact, as the district court recognized and as the issue is presented to us, the bankruptcy court refused to make a supplemental finding that there was a voidable transfer.