In the Matter of E.E. RUNYAN, Debtor.

B.J. BLACKMON and Bob's Casing Crews, Inc., Appellants,

v.

E.E. RUNYAN, Appellee.

No. 87–1601.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1987.

Gerrit M. Pronske, Alan S. Trust, Dallas, Tex., Robert R. Truitt, Jr., Midland, Tex., for appellants.

H. Christopher Mott, Gerald P. Keith, Hagans, Ginnings, Birkelback, Keith & Delgado, El Paso, Tex., for appellee.

---

Before GOLDBERG, POLITZ and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The narrow issue presented by this appeal is whether the bankruptcy court had jurisdiction to entertain an involuntary Chapter 7 bankruptcy petition filed against the debtor E.E. Runyan. The bankruptcy court and the district court concluded that jurisdiction was not present under § 303 of the Bankruptcy Code. We agree and affirm the judgment of the district court dismissing the petition for lack of jurisdiction.

## I.

B.J. Blackmon and Bob's Casing Crews, Inc. filed an involuntary Chapter 7 petition against E.E. Runyan in bankruptcy court. The petition alleged that Runyan was indebted to petitioners on an indemnity provision in a sales contract. Runyan, in his answer, asserted several defenses to the petition including the contention that he had more than twelve creditors and that two petitioning creditors were incapable of initiating a Chapter 7 involuntary bankruptcy proceeding against him. The bankruptcy court found that Runyan did indeed have more than twelve creditors so that more than two petitioning creditors were required to initiate a Chapter 7 involuntary bankruptcy petition against the debtor. The bankruptcy court dismissed the petitions for lack of jurisdiction and the district court affirmed. On appeal the petitioner asserts two reasons why the bankruptcy court and the district court erred in determining that Runyan had more than twelve creditors for purposes of section 303(b): (1) many of the claims are so small as to be "de minimis" and when those de minimis claims are excluded, Runyan has less than twelve claimants; (2) when creditors to whom Runyan made voidable transfers are excluded, Runyan had fewer than twelve claimants.

## II.

### A.

Relying on *Denham v. Shellman Grain Elevator, Inc.*, 444 F.2d 1376 (5th Cir.1971), appellants argue that the courts below erred in declining to exclude at least seventeen claims because the amount of these claims are so small they are de minimis.[1] Once these claims are excluded, Runyan has fewer than twelve claimants and only one creditor is needed to institute an involuntary bankruptcy proceeding.

In *Denham* the court excluded seven creditors whose claims were less than $10 each and six creditors whose claims were less than $25 each. We concluded that "it was not the intent of Congress to allow

---

1. The record contains a stipulated list of creditors and the amount of each creditor's claim. Eleven of the claims exceed $800 each. The twelfth largest claim is for $671. The remaining five claims that appellants seek to exclude range from approximately $300 to $650.

**60**

recurring bills such as utility bills and the like to create a situation which, by refusal of these small creditors to join in an involuntary petition, can defeat the use of the Bankruptcy Act by a large creditor, as in the subject case." *Id.* at 1379.

Runyan's response to appellant's answer is twofold. He first argues that because *Denham* was decided under the Bankruptcy Act of 1898 and Congress did not codify the *Denham* rule in the Bankruptcy Code of 1978, *Denham* has no vitality and should be ignored. Runyan argues next that *Denham*, which excluded creditors with claims in the $5 to $25 range, does not support the exclusion of creditors with much larger claims, particularly those in the $600 to $800 range.

■ We find it unnecessary to decide whether *Denham* remains the law of this circuit.[2] Assuming without deciding that *Denham* remains viable after the enactment of the Bankruptcy Code, we conclude that the $600 to $800 claims appellants seek to exclude are much too large to constitute "small" claims under *Denham's* rationale. Typically, the creditors excluded for § 303(b) purposes are those with claims of less than $25.[3] Thus, even if creditors with small claims are excludable from the count of creditors for purposes of § 303(b), we reject appellants' argument that $600 to $800 claims are small claims in this context.

### B.

■ The appellants contend next that several creditors should be stricken from the count of creditors under § 303(b)(1) because they received post-petition transfers avoidable under § 549 of the Bankruptcy Code.

Appellants did not make this argument in either of the lower courts. Thus, Runyan had no opportunity to challenge appellant's contention and the bankruptcy court had no opportunity to consider it.

In *MortgageAmerica Corp. v. Bache Halsey Stuart Shields, Inc.,* 789 F.2d 1146 (5th Cir.1986), we refused to consider the voidability of a transfer when that issue was raised for the first time on appeal. We also decline to do so here.

AFFIRMED.

**2.** See *In re Rassi,* 701 F.2d 627, 632 (7th Cir. 1983).

**3.** See 3 *Collier on Bankruptcy* § 303.08, at 303–41 (15th ed. 1987); citing 3 *Collier on Bankruptcy* § 59.20, at 622–24 and nn. 13–15 (14th ed.1977) (collecting cases).