■ RUTH SMITH et al., as Executrices of VICTOR W. HAUSCHILD, Deceased, Appellants, v JOHN T. DRISCOLL, Respondent, et al., Defendant.—In an action to recover damages for conversion and to impress a constructive trust, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated May 8, 1978, which granted defendant Driscoll's motion to dismiss the complaint as to him on the ground that the action was time barred. Order reversed, with $50 costs and disbursements, and motion denied. By their complaint, plaintiffs allege that on or about December 7, 1971, defendant Gerald H. Cahill converted the sum of $10,000 from the bank account of the estate of Victor W. Hauschild, for which Cahill was the attorney. The money was deposited by Cahill in the checking account of defendant John Driscoll, as a loan. Plaintiffs seek to impose a constructive trust on funds in the possession of Driscoll on the ground that he obtained title to property to which he had no right and he has, therefore, been unjustly enriched. Driscoll conceded that he received the loan of the money from Cahill in 1971, but he maintained that he believed the money came from Cahill's personal sources and, furthermore, that he repaid the loan to Cahill. In any event, Driscoll moved to dismiss the complaint as against him on the ground that the action is based on conversion and, since the action was commenced in October, 1977 it is untimely (see CPLR 214). We believe that the complaint sets forth two causes of action, although each is not separately denominated: one in conversion, the other in equity to impose a constructive trust. As stated in Scott, Trusts (vol 5, [3d ed], § 510): "Where a person acquires the title to property without notice that another has the equitable ownership of the property, but does not pay value, so that he is not in the position of a bona fide purchaser, he holds the property upon a constructive trust for the equitable owner. This is the situation where an express trustee * * * of property transfers it to an innocent donee, or where property is gratuitously transferred by mistake * * * *The innocent donee who has acquired title to the property is not a converter of the property.* He is liable only to the extent to which he is unjustly enriched at the time when he acquires notice of the equitable ownership of the other person. If, before he receives such notice, he gives away the property and receives nothing in exchange, he is under no further liability." (Emphasis supplied.) Inasmuch as a six-year Statute of Limitations governs the equity action, it is not time barred (see CPLR 213). The application of the three-year Statute of Limitations is not mandated by the fact that the equity action arises as a sequel to the alleged conversion (cf. *Simcuski v Saeli,* 44 NY2d 442, 452). However, the conversion action is barred by the three-year Statute of Limitations. Reliance by Driscoll on *Federal Ins. Co. v Fries* (78 Misc 2d 805) is misplaced, for the court there, in holding the innocent transferee a converter, stated that it knew of no decision in point and it did not consider the doctrine of constructive trust. Driscoll's claim that he repaid the money to Cahill may be raised upon the trial; it is not relevant on the instant motion. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.