**Robert V. FERGUSON,**
**Plaintiff-Appellant,**

v.

**Joshua HILL, et al.,**
**Defendants-Appellees.**

No. 87–2762.

United States Court of Appeals,
Fifth Circuit.

June 3, 1988.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Cynthia Riley Alksne, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, KING and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Robert Ferguson, a black man, was employed by Texas Southern University (TSU) as a campus police officer. He applied for a position as Administrative Assistant to the Vice-President for Facilities Planning. A white applicant was selected instead.

Ferguson brought suit against TSU and certain of its administrators, claiming that he was not selected for the position because of racial discrimination against him, in violation of 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §§ 1981, 1983 and 1988. He also claimed that he had not been promoted into other positions within the TSU police department because of retaliation against him

—in violation of his First Amendment rights—for his criticism of policies and practices of the university.

A bench trial was held. At the close of Ferguson's evidence, TSU moved for an involuntary dismissal under F.R.Civ.P. 41(b). The motion was granted, and in accordance with F.R.Civ.P. 52(a) the trial court set forth its findings of fact and conclusions of law. Ferguson appeals, contending that (i) the trial court erroneously considered with respect to his First Amendment claim *only* the university's decision not to promote him into the administrative assistant position, on which he had made *only* a racial discrimination claim, and thereby the trial court (ii) erroneously failed to consider with respect to his First Amendment claim the university's decision not to promote him into other positions that became available within the TSU police department. Ferguson seeks a remand of the case for the continuation of the trial and further findings.

A remand in this case is unnecessary. An appellate court may affirm a decision based on incomplete findings if there can be no genuine dispute about how the trial court actually resolved the facts missing from its express findings. *Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 792 (9th Cir.1986); *Magna Weld Sales Co. v. Magna Alloys and Research*, 545 F.2d 668, 671 (9th Cir.1976).

Though the trial court labeled it a conclusion of law, the trial court clearly found as a fact that Ferguson

> failed to establish a *prima facie* case of retaliation for exercise of First Amendment rights. [Ferguson's] evidence does not show that his speech *in any way* motivated the defendants not to hire him. On the contrary, the evidence thus far establishes that [Ferguson] was not hired as Assistant to the Vice-President for Facilities Planning for Police and Safety Administration because he was not qualified for the job.

(emphasis added).

Although none of the remainder of the trial court's order expressly addresses other positions at TSU, we are not limited to the four corners of that order. An appellate court may look to the whole record, and may gain a full understanding of the factual basis of the decision by comparing the formal findings with other information. *Gilbert v. Sterrett*, 509 F.2d 1389, 1393 (5th Cir.1975), *cert. denied* 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288; *Finney v. Arkansas Board of Corrections*, 505 F.2d 194, 212 n. 16 (8th Cir.1974); *but cf. Kelley v. Everglades District*, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485, 1489 (1943).

In this instance, it is clear from the record that the trial court did actually consider Ferguson's First Amendment claim as it relates to other positions. And although the trial court stated the result of that consideration in somewhat conclusory terms, its plain pronouncement that "[TSU] did not discriminate against [Ferguson] on the basis of race or retaliate against [Ferguson] for exercising his right to free speech" is dispositive of all claims Ferguson raised below.

AFFIRMED.