In the Matter of IDA GREENBERG, as Executrix of MEYER GREENBERG, Deceased, et al., for the Judicial Dissolution of MADISON CABINET & INTERIORS, INC. (Action No. 1.) ALAN PLOTNIK, on Behalf of Himself and All Other Shareholders Similarly Situated, and on Behalf of MADISON CABINET AND INTERIORS, INC., Appellant, v IDA GREENBERG, as Executrix of MEYER GREENBERG, Deceased, and MEYER'S CABINET & INTERIORS, INC., Respondents. (Action No. 2.) [614 NYS2d 825] — Order unanimously modified on the law and as modified affirmed with costs to plaintiff in action No. 2 in accordance with the following Memorandum: This appeal is a consolidation of two cases. The first is a proceeding brought by the late Meyer Greenberg and his daughters, shareholders in Madison Cabinet & Interiors, Inc. (Madison Cabinet), seeking judicial dissolution of that corporation. The second is a shareholder's derivative action brought by a shareholder of Madison Cabinet, Alan Plotnik, against Greenberg and Greenberg's "new" corporation, Meyer's Cabinet and Interiors, Inc. (Meyer's Cabinet), alleging that those defendants have wrongfully acquired, used, or disposed of corporate assets belonging to Madison Cabinet and that Greenberg has breached his fiduciary duty to Madison Cabinet.

Alan Plotnik appeals from an order of Supreme Court insofar as it denied his motion to disaffirm the report of the Referee dated September 24, 1991, thereby effectively denying him summary judgment on the issue of liability in action No. 2; to disqualify Marshall Kaplan, Esq., as counsel for Greenberg and Meyer's Cabinet in both actions; and to take the depositions of petitioners in action No. 1.

We conclude that Plotnik is entitled to summary judgment establishing defendants' liability in action No. 2. An officer or director of a corporation stands in a fiduciary relationship to it, and thus must discharge his duties diligently and in good faith *(see,* Business Corporation Law § 717). Those duties include a duty of undivided loyalty to the corporation *(Foley v D'Agostino,* 21 AD2d 60, 66-67). An officer or director is not permitted to derive a personal profit at the expense of the corporation *(see, Bertoni v Catucci,* 117 AD2d 892). Furthermore, his dealings with respect to corporate assets are subject to close scrutiny and must be characterized by absolute good faith; he may not appropriate corporate assets or opportunities to himself or to a new corporation formed for that purpose *(see, Alexander & Alexander v Fritzen,* 147 AD2d 241; *Schacter v Kulik,* 96 AD2d 1038, 1039, *appeal dismissed* 61 NY2d 758; *cf., Bertoni v Catucci, supra).* A corporate opportunity is defined as any property, information, or prospective business dealing in which the corporation has an interest or tangible expectancy or which is essential to its existence or logically and naturally adaptable to its business *(Alexander & Alexander v Fritzen, supra,* at 247-248; *see generally,* 15 NY Jur 2d, Business Relationships, §§ 1049-1050).

The record establishes that Greenberg unilaterally seized the tangible and intangible assets of Madison Cabinet, transferred them to his new corporation, Meyer's Cabinet, and used that new entity as the vehicle for usurping the corporate opportunities of Madison Cabinet, in breach of his fiduciary duty to Madison Cabinet and its other shareholders. Plotnik established, and Greenberg failed to refute, that Greenberg unilaterally discontinued the business of Madison Cabinet after incorporating Meyer's Cabinet; that he appropriated the fixtures and tools of Madison Cabinet for use by Meyer's Cabinet; that Meyer's Cabinet occupies the same space that Madison Cabinet had occupied; and that Meyer's Cabinet does business using the same employees, the identical telephone number, and like stationery as that used by Madison Cabinet. The record establishes that a major customer of Madison Cabinet was thereby induced to believe that the two entities

were "synonymous" and that there had been a mere change in the name of the business. We conclude that Greenberg's actions constituted a misappropriation of the tangible assets and good will of Madison Cabinet *(see, Bertoni v Catucci, supra,* at 894).

Additionally, we conclude that the court erred in denying that part of Plotnik's motion seeking disqualification. It is a conflict of interest for an attorney to represent one party in a lawsuit against an opponent who is the attorney's former client in the same or a substantially related matter *(see,* Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]; DR 9-101 [22 NYCRR 1200.45]; *see also, Forbush v Forbush,* 107 AD2d 375, 379). One who has served as attorney for a corporation may not represent an individual shareholder in a case in which his interests are adverse to other shareholders *(see, Matter of Fleet v Pulsar Constr. Corp.,* 143 AD2d 187). Here, Plotnik established that Kaplan formerly represented Madison Cabinet, yet served as incorporator of Meyer's Cabinet at the behest of Greenberg. Subsequently, Kaplan represented Greenberg as petitioner in action No. 1, the judicial dissolution proceeding, and as defendant in action No. 2. In all instances, Greenberg's interests were clearly adverse to those of the other shareholders. Thus, Kaplan should have been disqualified.

Finally, we conclude that the court did not abuse its discretion in denying, without prejudice, that part of Plotnik's motion seeking to take the deposition of petitioners in action No. 1 *(see, Nitz v Prudential-Bache Sec.,* 102 AD2d 914, 915). (Appeal from Order of Supreme Court, Kings County, Aronin, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.