United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2955

_____

In re:  Kenneth L. Kasden,                    *
                                              *
                           Debtor,            *
                                              *
_____                            *
                                              *
Thomas F. Miller, Trustee,                    *   Appeal from the United States
                                              *   Bankruptcy Appellate Panel.
                           Appellant,         *
                                              *        [PUBLISHED]
        v.                                    *
                                              *
Kenneth L. Kasden,                            *
                                              *
                           Appellee.          *

_____

Submitted:  April 14, 1998
Filed:  April 22, 1998

_____

Before FAGG and HANSEN, Circuit Judges, and STROM,* District Judge.

_____

PER CURIAM.

       Thomas F. Miller, the trustee of Kenneth L. Kasden's bankruptcy estate, appeals
from an order of the Bankruptcy Appellate Panel (BAP) remanding the case to the

_____

       *The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska, sitting by designation.

bankruptcy court for further findings to support a default judgment against Kasden. Because the BAP's order was not final, we dismiss the appeal for lack of jurisdiction.

The pertinent facts are as follows. Kasden's bankruptcy estate included a parcel of real property (the Property). Miller found various items of personal property on the Property, but his written demand that Kasden claim these items went unheeded. Miller then sold the Property to a third party, and the terms of the sale required Miller to clear the items out. Miller wrote Kasden a second time, informing him the property had been removed and stored. Miller continued:

> If you contend that any of these items belong to you, please provide me with a listing of all things that you claim, no later than December 30 [1996]. If you can prove ownership you will be able to retrieve those items by paying my costs of moving, storage, and cleanup. If you do not respond or cannot prove ownership I will dispose of these items for the benefit of the bankruptcy estate.

This got Kasden's attention. In a letter dated January 6, 1997, Kasden accused Miller of an "act of usurpation of my pre-petition and post-petition personal property," and concluded: "[Y]our request that I [prove] ownership of my own property is so totally absurd, it is not worthy of a response."

Soon after, Miller filed a complaint in the bankruptcy court, asking the court to determine that the bankruptcy estate now owns the removed personal property, or alternatively to require Kasden to pay the costs of removing and storing the property. The complaint claimed Kasden had refused to identify which items of property, if any, belonged to him. Attached to the complaint was a copy of Kasden's January 6 letter. Kasden was properly served, but he defaulted. On Miller's motion, the bankruptcy court entered default judgment against Kasden, declaring the bankruptcy estate the owner of the disputed property. Kasden appealed to the BAP.

The BAP held Miller's complaint insufficient to support the default judgment because the complaint failed to "allege any facts tending to establish that ownership rested with the trustee." The BAP observed that the complaint left open the possibility that someone besides Kasden owned some or all of the property: the complaint said Kasden had failed to identify which items were his, if any, and it sought reimbursement for removal and storage costs "[i]f the court determines that the estate has no interest in the personal property." "We do not hold that default judgment is inappropriate in this case," the BAP wrote, "but [we] do hold that the default judgment must be entered upon facts clearly pleaded or otherwise established tending to prove the trustee is entitled to the relief granted." The BAP remanded the case to the bankruptcy court for further findings.

Kasden's vehement assertion of ownership in his January 6 letter, which Miller attached to the complaint, may have satisfied the bankruptcy court on the issue the BAP finds unresolved. As a general matter, "'[a]n appellate court may affirm a decision based on incomplete findings if there can be no genuine dispute about how the trial court actually resolved the facts missing from its express findings.'" Charles v. Allstate Ins. Co., 932 F.2d 1265, 1269 (8th Cir. 1991) (quoting Ferguson v. Hill, 846 F.2d 20, 21 (5th Cir. 1988) (per curiam)). Here, however, the bankruptcy court's findings echoed Miller's complaint, and the BAP concluded the complaint was legally insufficient to support the default judgment. See Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Before we can review that conclusion on its merits, we must first examine our power to do so.

In bankruptcy cases, this court can hear appeals only from final decisions, judgments, orders, and decrees entered by district courts or bankruptcy appellate panels. See 28 U.S.C. § 158(d) (1994); Lewis v. United States Farmers Home Admin., 992 F.2d 767, 771 (8th Cir. 1993). To be final and thus appealable under § 158(d), an order entered in the midst of an ongoing bankruptcy proceeding must finally resolve a discrete segment of that proceeding. See Drewes v. St. Paul Bank for Coops. (In re

-3-

Woods Farmers Coop. Elevator Co.), 983 F.2d 125, 127 (8th Cir. 1993).  An order remanding to the bankruptcy court for further factual findings will seldom be final for purposes of appeal to this court.  See Vekco, Inc. v. Federal Land Bank (In re Vekco, Inc.), 792 F.2d 744, 745 (8th Cir. 1986).  Because the BAP's remand order in this case did not finally resolve anything, we conclude the order is not final.  Although establishing on remand who owns the disputed property should be a straightforward matter, it will involve more than a purely mechanical or ministerial task.  See id. Further, any delay in securing review of the BAP's decision will not prevent Miller from obtaining effective relief, and this is plainly not a case where a later reversal would mean having to begin the entire bankruptcy proceeding over again.  See Stuart v. Koch (In re Koch), 109 F.3d 1285, 1287 (8th Cir. 1997) (listing factors to be considered in determining whether order in bankruptcy case is final).

Lacking jurisdiction, we dismiss Kasden's appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-