■ JACOB SCHACHTER, Individually and on Behalf of All Other Shareholders of KETEK ELECTRIC CORPORATION, Similarly Situated, Respondent-Appellant, v HERBERT S. KULIK, Appellant-Respondent, et al., Defendant. (Action No. 1.) ARNOLD B. GLENN, as Trustee, Plaintiff, and HERBERT S. KULIK, Individually and on Behalf of All Other Shareholders of KETEK ELECTRIC CORPORATION, Similarly Situated, Appellant, v HOTELTRON SYSTEMS, INC., et al., Respondents. (Action No. 2.) ARNOLD B. GLENN, as Trustee, Plaintiff, and HERBERT S. KULIK, Individually and on Behalf of All Other Shareholders of KETEK ELECTRIC CORPORATION, Similarly Situated, Appellant, v JACOB SCHACHTER et al., Respondents. (Action No. 3.) — In three consolidated shareholder derivative actions brought on behalf of the Ketek Electric Corporation, Herbert Kulik appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered January 6, 1982, as dismissed his complaints in actions numbers 2 and 3 for failure to prove a prima facie case, after a nonjury trial, and Jacob Schachter cross-appeals from so much of the judgment as dismissed his complaint in action number 1 for failure to prove a prima facie case. Judgment modified, on the law and the facts, by deleting the provision which dismissed Kulik's complaints, and substituting therefore a provision granting judgment in favor of Kulik on the issue of liability only. As so modified, judgment affirmed insofar as appealed from, with costs to Kulik, and case remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith. This appeal arises out of three consolidated shareholder derivative actions brought on behalf of the Ketek Electric Corporation (hereinafter Ketek) pursuant to sections 626 and 720 of the Business Corporation Law. Schachter and Kulik were social friends who decided to go into business together in 1972 for the purpose of manufacturing and selling an electronic device which would detect letter bombs. On February 2, 1973, a certificate of incorporation was filed in the name of Ketek. Kulik and Schachter, the sole shareholders, each received 100 shares. Schachter was elected president and treasurer and Kulik was elected vice-president and secretary. The first electronic detector which was manufactured by Ketek was called "Letar-Gard". On September 3, 1974, a design patent for this device was issued in the joint name of Schachter and Kulik. A trade-mark was issued on August 5, 1975. The parties also developed a device to detect counterfeit bills called "Moni-Gard" and a patent for that device was issued in August, 1976. The assignee of that patent was Ketek. In 1975, the financial condition of the Ketek corporation became somewhat precarious and the personal relationship between Schachter and Kulik began to deteriorate. At that point, the parties tried to sell the company. In July, 1975, Schachter had asked a Mr. O'Hare to make an offer of $10,000 for the entire business, but Kulik refused to sell. In fact, Kulik claims that he wanted to continue in business even if it meant loaning the corporation money. On July 25, 1975, Kulik discovered that engineering drawings, sales files, customer lists and the patent file were missing from Ketek's office. Schachter denied knowing the whereabouts of the missing material. When Kulik returned to the office a few days later, he discovered that all the files and drawings and the checkbook were gone. Kulik was later informed that Schachter had taken these items. Schachter claims

that he took possession of the items to safeguard them. On July 30, 1975, Kulik terminated mail service to Ketek, and thereafter Schachter directed that all Ketek mail be placed in his personal box. Schachter also contacted the telephone company and directed that all telephone calls to Ketek be switched to his home number. Thereafter, Schachter received a dispossess notice from the landlord. In late August, Schachter incorporated and became the sole stockholder of another corporation called Hoteltron Systems, Inc. He then moved all the Ketek furniture, equipment and inventory to a new office and signed a document on Ketek stationery authorizing Hoteltron to manufacture and sell the products of Ketek. The document also authorized Hoteltron to use any tools, machinery, drawings, furniture or other property of Ketek. In consideration, Hoteltron agreed to pay Ketek a sum equal to 5% of the net sales of the products for one year beginning September 15, 1975 and ending September 14, 1976. Schachter never called a directors' meeting or gave any notice to Kulik that he was doing·this. Kulik's causes of action against Schachter were essentially predicated on the theory that Schachter unlawfully converted Ketek's assets to his own use. Section 717 of the Business Corporation Law provides that directors and officers of corporations shall discharge their duties diligently and in good faith. Directors and officers, in the performance of their duties, stand in a fiduciary relationship to their corporation (see *Matter of Vogel [Lewis]*, 25 AD2d 212, affd 19 NY2d 589). As such, they owe the corporation their undivided loyalty and are not permitted to derive a personal profit at the expense of the corporation (see *Foley v D'Agostino,* 21 AD2d 60; *Limmer v Medallion Group,* 75 AD2d 299). The evidence in the record indicates that Schachter, in complete disregard of his fiduciary duty to the Ketek corporation, seized all of the corporate assets of Ketek, entered into a unilateral royalty agreement with Hoteltron, a corporation wholly owned by himself, to manufacture and sell the products to which Ketek had patent and trademark rights, and then proceeded to carry on the business for which Ketek was formed under the Hoteltron name. Such conduct cannot be countenanced. In view of the foregoing, Schachter should be compelled to account for his improper conduct in violation of his fiduciary obligation to the Ketek corporation. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.