■ ARNOLD B. GLENN, as Trustee, et al., Respondents, v HOTELTRON SYSTEMS, INC., et al., Appellants, et al., Defendant. (Action No. 1.) ARNOLD B. GLENN, as Trustee, et al., Respondents, v JACOB SCHACHTER, Appellant, et al., Defendant. (Action No. 2.)—In consolidated shareholder derivative actions, the defendants Jacob Schachter and Hoteltron Systems, Inc. (hereinafter Hoteltron) appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated October 14, 1986, which, after a nonjury trial, (1) is in favor of the plaintiff Kulik and against them in the principal sum of $434,241.85, including an award of $72,000 as damages for "Lost minimum Texkimp royalty", and (2) awarded legal expenses and attorneys' fees to the plaintiff Kulik in the additional sum of $53,966.56 to be paid by them.

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof the phrase commencing with the words "as a consequence" and ending with the words "hereinafter set forth" and substituting therefor the phrase "the plaintiff Ketek Electric Corp. (hereinafter Ketek) shall have judgment against the defendants Schachter and Hoteltron in the sum of $362,241.85, plus accrued interest, as set forth below", (2) deleting from the first decretal paragraph thereof the provision commencing with the words "L. Lost minimum Texkimp royalty" and ending with the words "Hoteltron Systems, Inc." and substituting therefor the phrase, "The plaintiff shall have execution on this judgment and the parties shall have the right to apply for such other and further relief as to this court may seem just and proper to carry out the provisions of this judgment", (3) deleting the second decretal paragraph thereof and substituting therefor the following: "ORDERED, ADJUDGED AND DECREED, that plaintiff Kulik is entitled to the sum of $10,394.25 for his reasonable expenses and disbursements, exclusive of attorneys' fees, incurred in connection with the prosecution of this action, and that he is also entitled to the sum of $21,800.00 for legal services rendered in the prosecution of this action by Arnold Bennett Glenn, Esq., and the sum of $21,772.31 for legal services rendered in the prosecution of this action by Corwin

& Matthews, Esqs., for a total sum of $53,966.56 in legal expenses and attorneys' fees, together with costs as taxed in the sum of $647.00, and that these sums shall be payable out of the award to Ketek, and it is further", (4) deleting from the third decretal paragraph thereof the phrase "and it is further," and (5) deleting the fourth decretal paragraph thereof; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

We find that the trial court improperly awarded damages to the plaintiff shareholder rather than to the corporation upon behalf of which the derivative actions were commenced (see, Business Corporation Law § 626 [a]; *Wolff v Wolff,* 67 NY2d 638, 641, *rearg denied* 67 NY2d 918). We further note that the reasonable expenses incurred by Kulik in the prosecution of these actions, including attorneys' fees, are payable not by the defendants Hoteltron Systems and Schachter but rather by Ketek Electric Corp. from the award to it (see, Business Corporation Law § 626 [e]; *Lewis v S. L. & E., Inc.,* 629 F2d 764, 773; *Jones v Uris Sales Corp.,* 373 F2d 644, 648; *see also, Ripley v International Rys.,* 16 AD2d 260, 265, *affd* 12 NY2d 814). Finally, we conclude that the award of $72,000 for estimated lost royalties is wholly speculative and without support in the record. The remainder of the contentions raised by the appellants on this appeal are without merit. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.