■ DOROTHY HARPER, Appellant, v IRWIN BARD et al., Respondents.—In an action to recover damages for breach of contract and for reformation of a contract, the plaintiff appeals from an order and judgment (one paper) of the Supreme

Court, Queens County (Leviss, J.), dated February 8, 1988, which, *inter alia,* granted summary judgment in favor of the defendants and directed that the $20,000 down payment held in escrow be turned over to the defendant seller Irwin Bard.

Ordered that the order and judgment is affirmed, with costs.

It is beyond cavil that when a contract is unambiguous and clear on its face, the intent of the parties is to be found within the four corners of the writing and when there exists no triable issue of fact, summary judgment is the proper remedy *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51; *Carvel Corp. v Rait,* 117 AD2d 485). In the instant case, the contract for the sale of the subject property clearly and unambiguously indicates that performance of the contract is conditioned only upon the plaintiff's obtaining of either a conventional mortgage or an equity loan in the sum of $80,000. In light of the unequivocal language contained within the contract and the merger clause, we reject the plaintiff's contention that owing to a first mortgage on the plaintiff's home the parties intended that the contract be conditioned on a $80,000 equity loan or a $120,000 conventional mortgage. In this regard it is noteworthy that the contract is absolutely silent as to any prior mortgages on the plaintiff's property; that the plaintiff was represented by counsel at the execution of the contract, which took over four hours due to last-minute changes; that the plaintiff abided by the terms of the contract from the January 8, 1987 date of signing until her complaint dated September 25, 1987; and that affidavits of all parties, including one from the real estate broker, belie the plaintiff's unsubstantiated assertion that the defendants were aware of her existing mortgage.

Since there is a heavy presumption that a deliberately prepared written instrument manifests the intention of the parties and the person seeking rescission on the ground of mutual mistake bears a correspondingly heavy burden to overcome that presumption, we find that the plaintiff has utterly failed to establish that this contract should be reformed due to mutual mistake. The absolute absence of any documentary or other legally sufficient evidence to support her claim of mutual mistake supports the grant of summary judgment in this case *(see, Chimart Assocs. v Paul,* 66 NY2d 570). Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.