*390
 
 OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 These appeals involve three consolidated shareholders’ derivative actions brought pursuant to sections 626 and 720 of the Business Corporation Law on behalf of Ketek Electric Corporation. The primary issues concern the proper allocation of damages, legal expenses and attorneys’ fees in derivative suits, particularly where the injured corporation is closely held and damages awarded to the corporation ultimately would be shared by the corporate officer/shareholder responsible for the injury.
 

 We conclude that, in accord with the general rule governing such actions, the damages should be awarded to the injured corporation, not directly to the innocent shareholder. The mere fact that the wrongdoer, as a substantial shareholder, will indirectly benefit from the award to the corporation does not require an exception to this rule for actions involving closely held corporations.
 

 In addition, we agree with the Appellate Division that the award of legal expenses and attorneys’ fees to the innocent shareholder who brought the actions is payable out of the award to the corporation.
 

 FACTS AND PRIOR PROCEEDINGS
 

 The dispute here is between Jacob Schachter and Herbert Kulik, the founders of Ketek Electric Corporation. Schachter and Kulik each own 50% of the corporation’s shares and serve as the corporation’s only officers. The circumstances underlying the dispute are set forth in detail in the Appellate Division memorandum in an earlier appeal in this matter
 
 (Schachter v Kulik,
 
 96 AD2d 1038,
 
 appeal dismissed
 
 61 NY2d 758) and need not be repeated here. It is sufficient to note that, although Supreme Court initially determined after trial that neither Schachter nor Kulik had proved a breach of duty by the other, the Appellate Division, on the prior appeal, found Schachter liable for diverting Ketek assets and opportunities to Hoteltron Systems, Inc., a corporation wholly owned by Schachter.
 

 Following the trial on damages, Supreme Court concluded that Hoteltron had earned profits of $362,242.84 from Schachter’s usurpation of Ketek assets and opportunities. Of this total, $5,000 was used by Schachter to pay legal expenses in
 
 *391
 
 connection with this litigation and the balance was withdrawn from the corporation for his personal use. The court awarded additional damages in the amount of $72,000, representing the minimum royalties that Kulik alleged could have been earned by Ketek, but for Schachter’s refusal to assent to a proposal concerning overseas manufacturing rights for certain Ketek products. Supreme Court ordered that these principal sums, together with nearly $54,000 in legal expenses and attorneys’ fees incurred by Kulik, be paid by Schachter and that the entire award, after payment of attorneys’ fees, should be paid to Kulik.
 

 On Schachter’s appeal, the Appellate Division modified the judgment in several respects. The award of $72,000 for lost royalties was disallowed on the ground that those damages were too speculative. In addition, the court concluded that the Hoteltron profits should be awarded to the injured corporation, Ketek, rather than the innocent shareholder Kulik, and that legal expenses and attorneys’ fees should be paid by Ketek Corp. out of this award, rather than by Schachter
 
 (Glenn v Hoteltron Sys.,
 
 138 AD2d 568).
 

 The parties cross-appeal, pursuant to leave granted by this court (73 NY2d 706). We affirm.
 

 LIABILITY
 

 Initially, we note that, pursuant to CPLR 5501 (a) (1), Schachter’s appeal brings up for review the prior nonfinal order of the Appellate Division, which granted judgment to Kulik on the issue of liability. In modifying the trial court’s judgment dismissing all three actions, the Appellate Division "expressly or impliedly found new facts” (CPLR 5501 [b]). On an appeal from a final judgment entered pursuant to such an order, this court may review questions of fact to determine which court’s findings more nearly comport with the weight of the evidence
 
 (id.; Suria v Shiffman,
 
 67 NY2d 87, 97-98).
 

 Having reviewed the testimony at the first trial, we conclude that the weight of the evidence favors the Appellate Division’s finding that "Schachter, in complete disregard of his fiduciary duty to the Ketek corporation, seized all of the corporate assets of Ketek, entered into a unilateral royalty agreement with Hoteltron * * * to manufacture and sell the products to which Ketek had patent and trademark rights, and then proceeded to carry on the business for which Ketek
 
 *392
 
 was formed under the Hoteltron name”
 
 (Schachter v Kulik,
 
 96 AD2d 1038, 1039,
 
 supra).
 

 We also agree with the Appellate Division’s resolution of the issues raised on the appeal following the trial on damages.
 

 DAMAGES
 

 It is the general rule that, because a shareholders’ derivative suit seeks to vindicate a wrong done to the corporation through enforcement of a corporate cause of action, any recovery obtained is for the benefit of the injured corporation
 
 (see,
 
 Business Corporation Law § 626 [e];
 
 Wolff v Wolff,
 
 67 NY2d 638;
 
 Carruthers v Waite Min. Co.,
 
 306 NY 136, 140;
 
 Clarke v Greenberg,
 
 296 NY 146, 149). Where, however, the plaintiff sues in an individual capacity to recover damages resulting in harm, not to the corporation, but to individual shareholders, the suit is personal, not derivative, and it is appropriate for damages to be awarded directly to those shareholders
 
 (see, Sautter v Fulmer,
 
 258 NY 107;
 
 Geltman v Levy,
 
 11 AD2d 411;
 
 Norte & Co. v Huffines,
 
 416 F2d 1189 [explaining
 
 Perlman v Feldmann,
 
 219 F2d 173];
 
 cf., Schur v Salzman,
 
 50 AD2d 784).
 

 In this case, the diversion of Ketek’s corporate assets by Schachter for his own profit resulted in a corporate injury because it deprived Ketek of those profits
 
 (see, Abrams v Donati,
 
 66 NY2d 951). Kulik, the innocent shareholder, was injured only to the extent that he was entitled to share in those profits. His injury was real, but it was derivative, not direct. Thus, the Appellate Division properly ruled that those profits should be returned to Ketek Corp.
 

 Kulik argues that this result is inequitable because Schachter, as a shareholder of Ketek, will ultimately share in the proceeds of the damage award. But that prospect exists in any successful derivative action in which the wrongdoer is a shareholder of the injured corporation. An exception based on that fact alone would effectively nullify the general rule that damages for a corporate injury should be awarded to the corporation.
 

 It is true that this anomaly is magnified in cases involving closely held corporations, because the errant fiduciary is likely to own a large share of the corporation — as Schachter owns 50% of Ketek — and will share proportionately in the restitution to the corporation generated by a successful suit against
 
 *393
 
 him. Thus, it may be argued that in such circumstances an award of damages to the corporation does not provide a sufficient deterrent to the potential wrongdoer. We conclude, however, that this consideration does not require a different damage rule for close corporations.
 

 While awarding damages directly to the innocent shareholder may seem equitable with respect to the parties before the court, other interests, particularly those of the corporation’s creditors, should not be overlooked. The fruits of a diverted corporate opportunity are properly a corporate asset. Awarding that asset directly to a shareholder could impair the rights of creditors whose claims may be superior to that of the innocent shareholder
 
 (see, Niles v New York Cent. & Hudson Riv. R. R. Co.,
 
 176 NY 119, 123;
 
 Matter of Maki v Estate of Ziehm,
 
 55 AD2d 454; Note,
 
 Individual Pro Rata Recovery in Stockholders’ Derivative Suits,
 
 69 Harv L Rev 1314, 1318).
 

 Thus, while we do not rule out the possibility that an award to innocent shareholders rather than to the corporation would be appropriate in some circumstances, we find no need to invoke such an exception here.
 

 ATTORNEYS’ FEES
 

 The rule in New York remains that "attorneys’ fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule”
 
 (Matter of A. G. Ship Maintenance Corp. v Lezak,
 
 69 NY2d 1, 5). Although Business Corporation Law § 626 (e) provides that a successful plaintiff in a shareholders’ derivative action may recoup legal expenses and attorneys’ fees from the proceeds of a judgment, compromise or settlement in favor of the corporation, it does not authorize the imposition of such expenses on the losing party.
 

 The basis for an award of attorneys’ fees in a shareholders’ derivative suit is to reimburse the plaintiff for expenses incurred on the corporation’s behalf
 
 (see, Jones v Uris Sales Corp.,
 
 373 F2d 644, 648). Those costs should be paid by the corporation, which has benefited from the plaintiff’s efforts and which would have borne the costs had it sued in its own right. Thus, the Appellate Division was correct in modifying Supreme Court’s judgment to provide for the payment of Kulik’s legal expenses out of the award to Ketek Corp. rather than by Schachter.
 

 
 *394
 
 OTHER ISSUES
 

 Finally, on this record, there is no support for defendant Schachter’s contention that Supreme Court calculated damages on the basis of Hoteltron’s gross profits, rather than net profits. Supreme Court’s use of Schachter’s withdrawals from Hoteltron was, under the circumstances, a reasonable means of calculating the net profits diverted from Ketek. In any event, the record does not reflect that Schachter objected to this measure of damages or suggested an alternative measure.
 

 We therefore find no legal error in Supreme Court’s calculation of the amount of Hoteltron’s profits to which Ketek is entitled. However, we note our agreement with the Appellate Division’s conclusion that there was inadequate support in the record for Supreme Court’s award of $72,000 for lost royalties.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, without costs.