■ HOWARD A. BEHREN Individually and in the Right of WASHINGTON REALTY ASSOCIATES, LTD., et al., Appellants, v NEIL BLUMSTEIN et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered August 30, 1989, which granted defendants an extension of time to answer or move against the complaint and denied plaintiffs' application to transfer the action to a protracted Trial Part without prejudice to renewal upon the completion of discovery, unanimously affirmed, without costs.

Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 14, 1989, which, *inter alia,* granted the motions of certain defendants to dismiss the amended complaint pursuant to CPLR 3211 (a) (5), (7) and (8), and denied plaintiffs' motions for a default judgment against defendant Investment Properties, Inc. and priority in discovery, unanimously modified, on the law, to the extent of reinstating the amended complaint against the Somers defendants, denying the motions of the Bond, Klein and Blumstein defendants to dismiss those portions of the first, second, eighth and ninth derivative causes of action insofar as they pertain to events occurring after June 8, 1983 and, as so modified, the order is otherwise affirmed, without costs.

Plaintiffs asserted eight individual causes of action and 15 derivative causes of action on behalf of a limited partnership. Defendants William Somers and Investment Properties, Inc., general partners of that limited partnership, and related

parties represented by the same attorneys did not move to dismiss the amended complaint. Nevertheless, the relevant parties to this appeal have inferred, with some basis, that the November 14, 1989 order dismissed the amended complaint as against such nonmoving parties. In order to clarify further proceedings, we expressly reinstate the amended complaint as against such nonmoving parties.

Supreme Court properly found, with certain exceptions hereinafter noted, that the individual causes of action asserted against the moving parties asserted wrongs to the limited partnership and must be asserted, if at all, for the benefit of the injured limited partnership (Abrams v Donati, 66 NY2d 951; Glenn v Hoteltron Sys., 74 NY2d 386, 392). While the third individual cause of action for rescission of a power of attorney and the fourth individual cause of action for accountants' malpractice might arguably be said to allege wrongs to plaintiff, individually, they fail to state a cause of action. A power of attorney is not a contract subject to rescission, but rather an appointment subject to revocation by plaintiff principal (Zaubler v Picone, 100 AD2d 620). We also note that this cause of action did not seek any cognizable relief within the context of the alleged occurrences. Insofar as the individual cause of action for malpractice is concerned, there is no allegation that plaintiff was in fact damaged.

We agree that the Statute of Limitations applicable to the first, second and ninth derivative causes of action is six years (Loengard v Santa Fe Indus., 70 NY2d 262). The same period of limitation applies to malpractice as a derivative cause of action since its genesis is in a contractual relationship and it seeks a contractual remedy, i.e., return of all fees paid (Video Corp. v Flatto Assocs., 58 NY2d 1026). Portions of the allegations of these causes of action, however, are not clearly barred by these periods of limitation. We, therefore, deny the motions as to, and reinstate, those portions of these causes of action which may have been timely asserted. We have examined plaintiffs' other contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.