■ COMMODITIES RESEARCH UNIT (HOLDINGS) LIMITED et al., Appellants, v CHEMICAL WEEK ASSOCIATES et al., Respondents. —Order and judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 20, 1990 and April 23, 1990, respectively, which granted summary judgment to defendants-respondents, unanimously reversed, on the law, to the extent appealed from, defendants-respondents' cross-motion for summary judgment is denied, and the complaint is reinstated, without costs; and order of said court, entered January 10, 1991, which denied plaintiffs-appellants' motion for renewal, is dismissed as academic, without costs.

Plaintiff Commodities Research Unit (Holdings) Limited ("CRU Holdings") is a closely held corporation owned by Robert Perlman and his brother, defendant Louis M. Perlman. CRU Holdings owns three major subsidiaries: plaintiff Commodities Research Unit Limited ("CRU Limited"), British Sulphur Corporation, and Purley Press, which latter entity is a wholly-owned subsidiary of British Sulpher.

Incorporated in the United Kingdom in 1971, CRU Limited is a consulting firm specializing in metals and minerals, which produces monthly newsletters, each of which concerns a single metal. Through its subsidiary, Purley Press, British Sulphur also publishes a weekly newsletter called *Fertilizer Week* and a monthly magazine, *Fertilizer International.*

In addition to CRU Holdings, Robert and Louis Perlman own CRU Consultants, Inc., and each has a personal 25 percent interest in Information Investments Limited, as well as numerous other joint and separate investments in various businesses.

Defendant Chemical Week Associates ("CWA"), owns a weekly trade magazine titled *Chemical Week.* CWA's two partners are defendants Chem Management Inc., which is a 51 percent partner and is owned by Louis Perlman, and Chem Pub, L.P., a limited partnership holding a 49 percent share. At issue in this litigation are the circumstances under which *Chemical Week* was purchased in September 1988 by defendant Louis Perlman in an individual capacity. It is plaintiffs' assertion that Louis Perlman diverted a corporate opportunity by buying the $11.5 million publication from McGraw-Hill

Publications Company, through the corporate defendants Chemical Week Associates and Chem Management, while purporting to act on behalf of plaintiffs. The complaint further alleges that, in fact, Louis Perlman never presented the *Chemical Week* opportunity to either of the plaintiffs' Boards of Directors.

In granting summary judgment dismissing the complaint in favor of defendants Louis Perlman, Chemical Week Associates, Chem Pub, L.P., and Chem Management Inc., the IAS part held that there existed no genuine issues of fact to be resolved at trial. *(See, Andre v Pomeroy,* 35 NY2d 361.) We disagree.

The corporate opportunity doctrine provides that a corporate fiduciary may not, without consent, divert and exploit for his own benefit any opportunity that should be deemed an asset of the corporation. *(Alexander & Alexander v Fritzen,* 147 AD2d 241, 246; *Burg v Horn,* 380 F2d 897.) The record before us raises material issues of fact on this question. For example, Edward Fitzell, the Director of New Business Development at McGraw-Hill, testified at his deposition and indicated in contemporaneous notes, that he understood Louis Perlman to have been acting on behalf of plaintiffs during the negotiations for the purchase of *Chemical Week.* Fitzell's notes state that Perlman was to present the opportunity to the CRU Boards on July 15, 1988 and that the purchase was subject to the approval of John Horam, a director of both CRU Holdings and CRU Limited. Also contained in this record are letters which Louis Perlman transmitted to McGraw-Hill, on the fax machine of CRU Consultants, Inc., the marketing branch of CRU Limited, and under CRU Consultants' cover sheet.

Further evidence that Louis Perlman held himself out to be the representative of the CRU companies in these negotiations is indicated in correspondence of Marianna McNeill, a Vice-President of McGraw-Hill, which addressed Louis Perlman as "President" of "COMMODITIES RESEARCH UNIT" and noted that the opportunity was "being made available to a very limited number of companies." Indeed, in executing a confidentiality agreement attached to McNeill's letter and faxing it back under cover sheet bearing the CRU Holdings logo, Louis Perlman signed as "President". Similar conclusions may be drawn from the letter of intent negotiated by Perlman and McGraw-Hill, which underwent three drafts, the first identifying Perlman as President of CRU Consultants, the second also identifying Perlman as President of CRU Consultants, but adding that either CRU or "a subsidiary or affiliate thereof as

designated by CRU" would purchase the publication, and the third and final draft, stating that Louis Perlman or "a corporation affiliated with Mr. Louis Perlman" would make the purchase.

These and similar documents contained in the record are sufficient to create issues of fact with respect to whether the opportunity to purchase *Chemical Week* magazine was originally intended for CRU Holdings, not Louis Perlman individually. Accordingly, summary judgment should have been denied as to defendant Louis Perlman. *(Rotuba Extruders v Ceppos,* 46 NY2d 223.) Since Perlman owns all of the stock of defendant Chem Management, a partner of defendant Chemical Week Associates, which in turn comprises a partnership formed between Chem Management and Chem Pub, L.P., for the purpose of acquiring and operating the publication at issue, summary judgment was improperly granted to these defendants as well. Concur—Ellerin, J. P., Wallach, Asch and Kassal, JJ.