■ In the Matter of CHARLES REVSON et al., Respondents, v WILLIAM S. HACK et al., Appellants. [657 NYS2d 51] —Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered August 5, 1996, confirming an arbitration award in favor of petitioner limited partners and against respondent general partners, unanimously affirmed, with costs.

Respondents argue that the arbitrator exceeded his authority by not applying New York law, to which the subject limited partnership agreement was expressly made subject, and under which, respondents assert, petitioners had standing to bring the arbitration only derivatively on behalf of the partnership, and not individually on their own behalf as they did. The motion court rejected this argument on the ground that the New York choice of law provision was not in the arbitration clause itself. We agree (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308). To hold otherwise would be to vitiate the settled authority of an arbitrator under a broad arbitration clause to "do justice as he sees it, applying his own sense of law", constrained only by strong public policy and rationality of result (*supra*, at 308). Whether or not respondents' sale of the partnership property was permissible under the parties' agreement is a question of law not reviewable by the courts, and even if under New York law petitioners could sue only derivatively, it was not "totally irrational" (*supra*, at 308), to compensate petitioners for the anticipated revenue and tax advantages they would have individually realized had the partnership property not been sold. (*Cf.*, *Glenn v Hoteltron Sys.*, 74 NY2d 386, 392-393.) We have considered respondents' other arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Tom and Andrias, JJ.