■ PANGIA & COMPANY, CPAs, P.C., et al., Appellants, v LARRY DIKER, Respondent. [741 NYS2d 242] —Motion by the appellant for reargument of an appeal from an order of the Supreme Court, Dutchess County, dated July 6, 2000, which was determined by decision and order of this Court dated September 10, 2001 (286 AD2d 673), or, in the alternative, for leave to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for reargument is granted; and it is further,

Ordered that, upon reargument, the decision and order dated September 10, 2001, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of fiduciary duty and usurpation of corporate opportunity, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated July 6, 2000, as granted those branches of the defendant's cross motion which were for summary judgment dismissing the third and sixth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Vincent Pangia and Larry Diker formed an accounting firm in 1984, as equal partners, directors, and officers of the company. In April 1998, Diker ceased his day-to-day activities with the company and returned his keys. That same month, Pangia removed Diker's name from company stationery and as a signatory on the firm's bank account, and represented to third parties that Diker was no longer affiliated with the firm. In July 1998, Pangia removed Diker as a trustee of the firm's pension.

Diker then attempted, inter alia, to solicit clients of the firm. Pangia commenced this action asserting, among other things, that by soliciting clients of the firm, Diker breached his fiduciary duty as an officer and director of the firm who never resigned and retained shares of the corporation's stock.

While an officer or director of a corporation may not deprive the corporation of a business opportunity (see, H.W. Collections v Kolber, 256 AD2d 240; 7th Sense v Liu, 220 AD2d 215), the parties' conduct in this case established that the defendant was no longer an officer or director of the corporation (see, Management Tech. v Morris, 961 F Supp 640). Accordingly, in the absence of a covenant not to compete, the defendant owed no fiduciary duty to the plaintiff corporation and the Supreme Court properly granted those branches of the defendant's cross motion which were for summary judgment dismissing the third and sixth causes to recover damages for breach of fiduciary duty and usurpation of corporate opportunity.

The plaintiffs' remaining contentions are without merit. O'Brien, J.P., Altman, Feuerstein and Cozier, JJ., concur. [See 286 AD2d 673.]