■ Yu Han Young, Respondent, v Cathy Chiu, Appellant, et al., Defendants. (Action No. 1.) Yu Han Young, Respondent, v Cathy Chiu et al., Appellants. (Action No. 2.) [853 NYS2d 575]—

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records,* 98 NY2d 562, 569 [2002]; *see Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.,* 43 AD3d 860, 861 [2007]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract giving practical interpretation to the language employed and the parties' reason-

able expectations" (*Costello v Casale,* 281 AD2d 581, 583 [citations omitted]; *see Correnti v Allstate Props., LLC,* 38 AD3d 588, 590 [2007]; *Harper v Bard,* 147 AD2d 614, 615 [1989]). A party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation (*see M.S.B. Dev. Co., Inc. v Lopes,* 38 AD3d 723, 725 [2007]; *Matthews v Castro,* 35 AD3d 403, 404 [2006]; *Kadish Pharm. v Blue Cross & Blue Shield of Greater N.Y.,* 114 AD2d 439 [1985]; *Janowitz Bros. Venture v 25-30 120th St. Queens Corp.,* 75 AD2d 203, 215 [1980]). Here, the appellants did not make such a showing. Accordingly, the determination in action No. 1 to grant the equitable remedy of specific performance, which lies within the discretion of the court, was appropriate (*see Pyros v Dengel,* 35 AD3d 424, 425 [2006]; *Roland v Benson,* 30 AD3d 398, 399 [2006]; *McGinnis v Cowhey,* 24 AD3d 629 [2005]).

Furthermore, directors and officers of corporations, in the performance of their duties, stand in a fiduciary relationship to their corporation (*see Schachter v Kulik,* 96 AD2d 1038, 1039 [1983]). As such, they owe the corporation their undivided loyalty and "may not assume and engage in the promotion of personal interests which are incompatible with the superior interests of their corporation" (*Foley v D'Agostino,* 21 AD2d 60, 66 [1964]; *see Schachter v Kulik,* 96 AD2d at 1039). Specifically, an officer or director of a corporation may not, without consent, "divert and exploit for [his or her] own benefit any opportunity that should be deemed an asset of the corporation" (*Commodities Research Unit [Holdings] v Chemical Week Assoc.,* 174 AD2d 476, 477 [1991]; *see Owen v Hamilton,* 44 AD3d 452, 457 n 3 [2007]; *Pangia & Co., CPAs v Diker,* 291 AD2d 539, 540 [2002]). Here, the defendant Cathy Chiu diverted a corporate opportunity in breach of her fiduciary duty as an officer of YNC Ltd., and CNY Ltd., by secretly establishing a competing entity and acquiring the property at issue in action No. 2, in which YNC Ltd., and CNY Ltd., had a "tangible expectancy" (*Adirondack Capital Mgt., Inc. v Ruberti, Girvin & Ferlazzo, P.C.,* 43 AD3d 1211, 1215 [2007], *lv denied* 9 NY3d 817 [2008]; *see American Baptist Churches of Metro. N.Y. v Galloway,* 271 AD2d 92, 99 [2000]). Accordingly, the court properly directed the transfer of 50% of the property at issue in action No. 2 to the plaintiff, a 50% shareholder in both YNC Ltd., and CNY Ltd. Mastro, J.P., Rivera, McCarthy and Dickerson, JJ., concur. [*See* 13 Misc 3d 1232(A), 2006 NY Slip Op 52084(U).]