Pensmore Invs., LLC v Gruppo, Levey & Co. (2020 NY Slip Op 03454)





Pensmore Invs., LLC v Gruppo, Levey & Co.


2020 NY Slip Op 03454


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


650002/14 11662B 11662A 11662 11661

[*1] Pensmore Investments, LLC, Plaintiff-Respondent,
v
Gruppo, Levey & Co., et al., Defendants, The Jane Michael 1999 Trust, et al., Defendants-Appellants.


Harter Secrest & Emery LLP, Rochester (Peter H. Abdella of counsel), for appellants.
Frankfurt Kurnit Klein & Selz, P.C., New York (John B. Harris of counsel), for Claire Gruppo, appellant.
Kennedy Berg LLP, New York (Gabriel Berg of counsel), for respondent.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about June 6, 2019, in favor of plaintiff Pensmore Investments, LLC (Pensmore) against defendants-appellants the total amount of $4,316,524.55, and bringing up for review orders, same court and Justice, entered on or about May 14, 2019 and on or about June 5, 2019, which, inter alia, after a nonjury trial, found that Pensmore was entitled to judgment against defendants-appellants for breach of the Settlement Agreement and veil piercing, granted Pensmore's motion to hold defendant Claire Gruppo in criminal contempt for selling a portion of the Frog Pond property in January 2018 in violation of an attachment order, and awarded Pensmore $394,349.89 in attorneys' fees, unanimously modified, on the law, to dismiss the fraudulent conveyance claims as against defendants-appellants, and otherwise affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This Court defers to Supreme Court's credibility determinations, since they were supported by a fair interpretation of the documentary and testimonial evidence (see generally Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
Supreme Court properly determined that veil piercing was appropriate against Claire Gruppo, Hugh Levey, Frog Pond Partners, L.P. (Frog Pond), January Management, Inc. (Jan Mgmt), the Jane Michael 1999 Trust (JM Trust), and the Claire Gruppo Trust (CG Trust) on an alter-ego theory. The evidence showed that Gruppo and Levey exercised complete dominion and control over Frog Pond, Jan Mgmt, the JM Trust, and the CG Trust (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 90 [1st Dept 2015]). This domination was used to commit a fraud - transferring assets out of Gruppo, Levey & Co. (GLC), Gruppo, Levey Holdings, Inc. (GLH), and Gruppo Levey Partners, Inc. (GLPC) (collectively the GL Entities) to Jan Mgmt, the JM Trust, and the CG Trust to render the GL Entities judgment proof against Pensmore and using such assets to pay over $3.2 million in personal expenses. The evidence showed that the GL Entities would have had sufficient funds to satisfy the underlying debt owed to Pensmore, but for appellants' fraud. Regardless of the application of the burden of proof under New York or Delaware law, Pensmore demonstrated that a finding of veil piercing against all of these [*2]defendants was appropriate.
Pensmore also demonstrated that there were fraudulent transfers under Debtor and Creditor Law § 273 between the GL Entities and Jan Mgmt. From 2010 to 2013, Jan Mgmt received approximately $1.46 million from the GL Entities without any fair consideration (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 528 [1st Dept 1999]). The lack of consideration creates a presumption of insolvency, which appellants did not rebut (see Battlefield Freedom Wash, LLC v Song Yan Zhuo, 148 AD3d 969, 971 [2d Dept 2017]).
However, Pensmore failed to prove that any other transfers between Jan Mgmt, Frog Pond LP, the JM Trust, the CG Trust, Gruppo and Levey were fraudulent transfers under Debtor and Creditor Law § 273. No other specific transfers were identified or shown to meet the requirements under section 273.
With respect to contempt, Pensmore proved beyond a reasonable doubt that Gruppo willfully violated two Supreme Court orders expressly attaching real estate owned by Frog Pond and an order of this Court (143 AD3d 588 [1st Dept 2016]). Gruppo admitted under oath that, while aware of these orders, she sold the Frog Pond properties in January 2018. She alleged that her former counsel told her that there was no signed order from the Judge and a sale would be fine. At trial, former counsel strongly denied having any such conversation, and Supreme Court properly found former counsel credible (see Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d 1308, 1310 [3d Dept 2010]).
While Gruppo argues that four days notice of Pensmore's criminal contempt motion is not reasonable, under the circumstances presented, Supreme Court acted properly (see People ex rel. Cirillo v Warden of City Prison, 11 NY2d 51, 56 [1962]). Defense counsel consented to having the contempt motion heard simultaneously with a prescheduled trial, had the ability to cross-examine witnesses, had an opportunity to call witnesses, and was provided three months to submit posttrial briefs. Defense counsel also was involved in the litigation since Pensmore filed the first attachment motion.
Furthermore, Gruppo's due process rights were not violated because of conflict-based ineffective assistance of counsel (see People v Abar, 99 NY2d 406, 409 [2003]). Although there were two potential conflicts of interest, namely counsel representing both Gruppo and Levey on the contempt motion, and counsel receiving payment from the Frog Pond property sale proceeds, neither affected the operation of Gruppo's defense. It would have been better practice for Supreme Court to inquire about the potential conflicts, but the failure to do so did not constitute reversible error (see People v Harris, 99 NY2d 202, 211 [2002]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK