O'Mahony v Whiston (2024 NY Slip Op 00980)

O'Mahony v Whiston

2024 NY Slip Op 00980

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 652621/14 Appeal No. 1738-1739-1740 Case No. 2023-01485, 2023-03634, 2023-04151 

[*1]Esther J. O'Mahony et al., Plaintiffs-Respondents,
v
Gavin Whiston et al., Defendants-Appellants.

Elaine Platt, New York, for appellants.
Abraham PLLC, New York (Joshua E. Abraham of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered February 16, 2023, which, following a bench trial, found defendants liable for, among other things, (1) breach of fiduciary duty in the form of misappropriation of corporate opportunity; (2) failure to account for and the waste of corporate assets; (3) failure to repay a loan to plaintiff Ken Foley; (4) punitive damages; and (5) reasonable attorneys' fees and expenses (the Post-Trial Order), unanimously affirmed, with costs. Order, same court and Justice, entered on or about July 6, 2013, which granted plaintiffs' application for attorneys' fees to the extent of awarding $1.8 million in favor of plaintiffs pursuant to Business Corporation Law § 626(e) (the Fee Order), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 2, 2023, which denied defendants' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.
A trial court's factual determinations should be upheld "unless its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact rest largely on the credibility of witnesses" (D.S. 53-16-F Assoc. v Groff Studios Corp., 168 AD3d 611, 611 [1st Dept 2019]). The court's finding that the individual defendants misappropriated Dubcork's corporate opportunity was based on the court's credibility determinations and was plainly supported by a fair interpretation of the evidence.
Agents may not divert or exploit for their own benefit "an opportunity that is an asset of his principal," nor may they "use the principal's resources or proprietary information to organize a competing business" (American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 99 [1st Dept 2000]). It is a breach of fiduciary duty for an agent to "establish[] a competing entity so as to divert opportunities away from [the] principal" (id.). The trial court relied on extensive evidence in concluding that the individual defendants relocated the same bar to a new location with the same name without informing plaintiffs of their intentions. Defendants concede that they did not hold a shareholder meeting regarding the leasehold sale and that Dubcork was not dissolved. Thus, the court properly found that Dubcork had a tangible expectancy of owning the relocated version of the bar that was presented to the public as a continuation of the same bar that had been owned and operated by Dubcork (Alexander & Alexander of N.Y. v Fritzen, 147 AD2d 241, 247 [1st Dept 1989]).
Defendants' repeated assertions that they did not use Dubcork's assets to open the new bar is contradicted by their own statements and record evidence. Defendants admit that they continued to use Dubcork's website and social media accounts, as well as furniture and inventory from the old location. Their contention that they did not take customers and goodwill from Dubcork is also contradicted by the [*2]evidence.
Notably, defendants hardly make any legal arguments, and in fact make no arguments tailored to the appropriate standard of review. Instead, defendants challenge the court's factual and credibility determinations, which were well-reasoned and fully supported by the record, by offering the same version of the facts they presented at trial. Defendants offer no persuasive argument as to why this Court should reverse any of the trial court's findings following a 10-day trial.
The trial court awarded a total of $2,820,417 of corporate opportunity
damages, which represented $733,728 of Moxy's reported net income, $110,059 of Moxy's unreported net income, $476,630 of reported goodwill, and $1.5 million of estimated future profits over the next five years. These calculations were supported by the trial court's fair interpretation of the evidence. The trial court also providently exercised its discretion in awarding punitive damages against the individual defendants for their egregious breaches of fiduciary duty (see e.g. Don Buchwald & Assoc. v Rich, 281 AD2d 329, 330 [1st Dept 2001]; see also Nardelli v Stamberg, 44 NY2d 500, 503 [1978]).
The trial court's calculation of corporate waste damages was also supported by a
fair interpretation of the evidence. Despite the defendants' terrible record keeping, intentional destruction of documents, egregious discovery violations, and overall lack of credibility, the court still gave defendants credit for some expenditures that they claimed to have made, although defendants lacked proper support.
The court properly found that Dubcork had made $903,445 in unreported cash sales in 2012 and 2013, a number their expert had initially agreed with, but then disputed at trial. The court then extensively examined each of defendants' claims of cash expenditures, and properly credited defendants for $254,894, which consisted of loan payments, advertising costs, and payments to employees. Defendants have failed to set forth a basis for disturbing the court's conclusion that the individual defendants would be charged $648,551 for Dubcork's unreported cash ($904,445-$254,894). Furthermore, while defendants contend that the trial court committed a mathematical or typographical error in calculating credits for the loan repayments, we find that the trial court did not make any mathematical miscalculation.
Nor is there a basis for disturbing the trial court's conclusion that defendants should be liable for $70,500 of Dubcork's inventory. Defendants admit that they took inventory from Dubcork, claiming that the property would otherwise have been abandoned. They do not, however, address the obvious point that plaintiffs had been left out of all discussions surrounding the lease buyout and the closing of the bar, and thus did not have the opportunity to take any of the inventory. Regardless, defendants have not explained how their taking of corporate assets dispensed of their duty to maximize the recovery of the company's [*3]assets for its shareholders.
The trial court also properly found that the individual defendants were
personally liable for repaying a $86,000 loan to Foley under a veil piercing
theory. The court found the individual defendants and Moxy to be liable because the credible evidence supported a finding that they had completely dominated Dubcork, abused its corporate formalities, and stripped it of all value, transferring money to themselves so that Dubcork was an empty shell and unable to repay the loan (Pensmore Invs., LLC v Gruppo, Levey & Co., 184 AD3d 468, 469 [1st Dept 2020]).
We also do not disturb the trial court's award of reasonable attorneys' fees and expenses to plaintiffs (Business Corporation Law § 626[e]; see Glenn v Hoteltron Sys., 74 NY2d 386, 393 [1989]). An award of attorneys' fees is within the sound discretion of the trial court (JK Two LLC v Garber, 171 AD3d 496, 496-497 [1st Dept 2019]). Here, after reviewing counsel's billing records and considering the value of the judgment to Dubcork, and rejecting some 25% of the requested fees as unreasonable or excessive, the court awarded $1.8 million to plaintiffs. We find the fee award to be reasonable when compared to the overall recovery. Moreover, plaintiff incurred a substantial portion of the legal fees in trying to address and overcome defendants' repeated failures to comply with their discovery obligations and other deceptive litigation tactics. Defendants failed to show that the fees awarded were unreasonable under the circumstances.
We also reject defendants' argument that this Court must vacate the portion of the attorney fee award attributed to plaintiff's individual claims (as opposed to the derivative claims). According to defendants, Business Corporation Law § 626(e) only permits reimbursement of legal fees that were rendered on behalf of Dubcork, and not the individual plaintiffs (see Glenn v Hoteltron Sys., 74 NY2d 386, 393 [1989]). However, except for the repayment of the loan to Foley, the trial court fashioned the award as owing to Dubcork rather than to the individual plaintiffs. The trial court properly found that this claim amounted to a relatively trivial amount of the entire time expended on the entire lawsuit. Regardless, all claims were closely related and arose from the same set of facts and legal theories.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024