Schmidt v Board of Directors of Duane Owners, Inc. (2024 NY Slip Op 05778)

Schmidt v Board of Directors of Duane Owners, Inc.

2024 NY Slip Op 05778

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ. 

Index No. 651435/23 Appeal No. 3068 Case No. 2023-06265 

[*1]Fred Schmidt etc., Plaintiff-Appellant,
v
The Board of Directors of Duane Owners, Inc., et al., Defendants-Respondents, Margaret L. Boody Also Known as Meagan Boody, Nominal Defendant-Respondent.

Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for appellant.
Braverman Greenspun P.C., New York (Michael A. Savino of counsel), for The Board of Directors of Duane Owners Inc. and Duane Owners, Inc., respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J), entered on or about September 21, 2023, which granted the motion of defendants Duane Owners, Inc. (the co-op) and the Board of Directors of Duane Owners, Inc. (together, the cooperative defendants) to dismiss the complaint and for a declaration that the Board's actions in amending the co-op's by-laws, holding a shareholder meeting, and entering into a roof lease extension with nominal defendant Margaret L. Boody also known as Meagan Boody were valid and enforceable, and granted Boody's motion to dismiss the complaint, unanimously modified, on the law, to reinstate the causes of action for a declaratory judgment and a permanent injunction (the first, second, and third causes of action) and to vacate so much of the order as declared that the Board's actions in amending the co-op's by-laws, holding a shareholder meeting, and entering into a roof lease extension with Boody were valid and enforceable, and otherwise affirmed, without costs.
Defendants did not establish that they were entitled to dismissal of the causes of action for declaratory judgment or permanent injunction, as they have not conclusively demonstrated that the purported amendments to the by-laws were properly adopted. Business Corporations Law § 616(b) requires a two-thirds shareholder vote to amend certain provisions of a certificate of incorporation. This section does not apply to amendments to a corporation's by-laws, as occurred here. At the March 3, 2023 board meeting, the board amended only the by-laws but left the certificate of incorporation untouched. Furthermore, Article XII, section 1(b) of the original by-laws provides that they may be "amended, enlarged or diminished . . . at any meeting of the [board] by a majority vote" of the directors if "the proposed amendments or substance thereof shall have been inserted in the notice of meeting" or "all of the Directors are present in person." Thus, the by-law amendments, if properly enacted at the board meeting, would not run afoul of the Business Corporations Law.
Nevertheless, the cooperative defendants did not submit evidence that the proposed amendment or its substance was included with a notice of the meeting. Additionally, while the minutes of the meeting indicate that four individuals were present and that there was a unanimous vote to approve the amendment to the by-laws, it is not clear from the minutes whether those individuals constituted the full board of directors. It is also unclear whether a Zoom meeting qualifies as an "in-person" meeting for purposes of article XII, section 1(b). Likewise, because the cooperative defendants did not show that the bylaws were properly adopted, they are not entitled to a declaratory judgment in their favor.
Supreme Court properly dismissed the cause of action for attorneys' fees. "Although Business Corporations Law § 626(e) provides that a successful plaintiff in a shareholders' derivative action may recoup legal expenses [*2]and attorneys' fees from the proceeds of a judgment, compromise or settlement in favor of the corporation, it does not authorize the imposition of such expenses on the losing party" (Glenn v Hoteltron Sys. , 74 NY2d 386, 393 [1989]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024